**Siegfried Martin KOENIG, Petitioner,**

*v.*

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3580.

United States Court of Appeals, Sixth Circuit.

May 23, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

## ORDER

This is an appeal from a final order of removal by the Board of Immigration Appeals. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 6, 1997, the Immigration and Naturalization Service (the "INS") issued a notice to Siegfried Martin Koenig to appear on a charge of being an alien who remained in the United States for a time longer than permitted. Koenig appeared with counsel and argued, unsuccessfully, for a continuance or for the cancellation of the removal order. He thereafter took an agency appeal to the Board of Immigration Appeals (the "BIA") that, on April 25, 2002, issued a final order of removal for Koenig. Koenig took his statutory appeal to this court.

When the BIA summarily adopts the opinion of the immigration judge, as in the present case, a court of appeals must review the decision of the immigration judge. *Najjar v. Ashcroft,* 257 F.3d 1262, 1284 (11th Cir.2001). This court reviews the decision of the immigration judge to determine whether the conclusion is, on the basis of the evidence presented, substantially reasonable. *Hammer v. INS,* 195 F.3d 836, 840 (6th Cir.1999). An examination of the record and law shows that the appeal lacks merit.

Koenig was born in Germany in 1966 and entered the United States with his mother and step-father in September 1973. Koenig's entry status was that of a non-immigrant visitor authorized to remain in the United States for a period not to exceed October 5, 1973. The INS issued a order to show cause on June 17, 1991, in which Koenig was charged with deportability, but the order was apparently never served on Koenig or filed with the Immigration Court. The INS next issued to Koenig a notice to appear on November 6, 1997, again charging him with deportability. Koenig appeared with counsel before the immigration judge in 1998 and admitted the factual allegations brought against him and conceded deportability. Koenig thereafter requested cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), a provision whereby one who is deportable may apply for cancellation of a removal order based on the sponsorship of a qualifying relative who is either a United States citizen or lawful permanent resident. Koenig's counsel admitted that, at that time, Koenig had no such qualifying relative upon which to base his application and it was uncertain when, if ever, Koenig would be able to satisfy this qualification. The immigration judge declined to issue an indefinite continuance in hopes of Koenig's obtaining the sponsorship of a qualifying relative and granted Koenig a voluntary departure. This decision was summarily adopted by the BIA and Koenig took an appeal to this court.

■ Koenig's counsel raises three issues for appellate review. The first issue is that it was error for the immigration judge not to have granted Koenig an indefinite

continuance of the removal proceedings so that one of Koenig's relatives could attain "qualifying relative" status under § 1229b(b)(1). The INS counters, however, that the discretionary decision not to grant a continuance is effectively shielded from this court's review.

The position of the INS is supported by recent Sixth Circuit law. In *CDI Information Servs., Inc. v. Reno,* 278 F.3d 616, 619–20 (6th Cir.2002), a panel of this court held that despite the fact that 8 U.S.C. § 1252 is entitled "judicial review of orders of removal," section 1252(a)(2)(B)(ii) is not limited in its scope by its title and it, in fact, constitutes a divestment of jurisdiction for all discretionary decisions under Subchapter II of Chapter 12 of Title 8, covering §§ 1151–1378. Koenig was before the INS in a removal proceeding on the authority of 8 U.S.C. § 1229a (a section within Subchapter II of Chapter 12 of Title 8), and the regulations governing continuances, 8 C.F.R. § 3.29, provide that a continuance is discretionary. Thus, this court lacks jurisdiction to review what was a purely discretionary decision of the immigration judge.

■ Koenig's second appellate issue is that the INS should have been equitably estopped from proceeding on the 1997 notice to appear instead of the 1991 show cause order, an order that would have armed Koenig with a more favorable presumption in any deportation proceedings. This argument is unsupported by any evidence other than the issuance of the show cause order. "In general, equitable estoppel may be invoked against the government in deportation proceedings only where the government has been guilty of 'affirmative misconduct.'" *Stone v. INS,* 13 F.3d 934, 939 (6th Cir.1994). In the case at bar, there is absolutely no proof of any "affirmative misconduct" by any agent of the government by the failure to serve the 1991 show cause order on Koenig or the immigration court.

■ Finally, Koenig argues that this court should summarily remand the entire proceeding as he now has a qualifying relative, i.e., his mother. He supports this motion with evidentiary material not found in the administrative record of the removal proceeding. We are prohibited, however, from looking outside the administrative record in this matter and remanding for consideration of additional evidence in this case. *See* 8 U.S.C. § 1251(a)(1) (judicial review of a final order of removal is governed exclusively by this chapter and a limited exception not relevant to this appeal); 8 U.S.C. § 1252(b)(4)(A) (court of appeals shall decide petition on review only on the administrative record on which the order of removal is based).

Accordingly, the motion is denied and the decision of the Board of Immigration Appeals is affirmed.