# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2160

_____

Charles Osiemo Onyinkwa,      *
       *
       Petitioner,     *
       *
       v.     *   Petition for Review of an Order of
       *   the Board of Immigration Appeals.
John D. Ashcroft, Attorney General     *
for the United States of America,     *
       *
       Respondent.     *

_____

Submitted: May 13, 2004
Filed: July 15, 2004

_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.

_____

MURPHY, Circuit Judge.

Charles Osiemo Onyinkwa's visa petition and application for adjustment of status was denied in 1997 after the Immigration & Naturalization Service (INS) determined that his marriage to a United States citizen was for the purpose of evading the immigration laws. After removal proceedings were instituted, his wife filed a second visa application and Onyinkwa requested a continuance of the proceedings. An immigration judge (IJ) denied a continuance, and the Board of Immigration Appeals (BIA) affirmed. Onyinkwa petitions for review, and we dismiss for lack of jurisdiction.

Onyinkwa is a native and citizen of Kenya who entered the United States in 1987 on a student visa. He married a United States citizen in 1995, and his wife filed a visa application on his behalf in January 1996. After interviewing Onyinkwa and his wife, the INS found that their marriage was entered into solely for the purpose of evading the immigration laws and denied the visa application on February 25, 1997. Onyinkwa appealed the visa denial on or about March 12, 1997, and the BIA dismissed the appeal on May 21, 1999. On June 15, 1999 the INS denied Onyinkwa's application for adjustment of status, and it issued him a notice ten days later to appear for removal proceedings.

Onyinkwa's wife filed a second visa petition on October 20, 1999, and he requested a continuance of his removal proceedings pending adjudication of that petition. The proceedings were continued for other reasons, and the INS noticed its intent to deny the second application on December 28, 1999. Then on March 2, 2000, an IJ denied Onyinkwa's request for continuance of the removal proceedings. The IJ stated that a thorough examination by her of the issues involving Onyinkwa's marriage would be an unwarranted intrusion on the district director's authority over the adjudication of visa petitions. See Matter of Arthur, 20 I. & N. Dec. 475 (BIA 1992).

Since the district director had noticed an intent to deny the second petition, the IJ concluded that the visa petition and Onyinkwa's adjustment of status application were not prima facie approvable, and she declined to exercise her discretion to grant a continuance. See Matter of Garcia, 16 I. & N. Dec. 653 (BIA 1978). The BIA summarily affirmed on April 2, 2003 and ordered Onyinkwa voluntarily to depart the United States within 30 days.

Onyinkwa petitions for review, arguing that the IJ abused her discretion in denying his request for a continuance of his removal proceedings. Respondent argues that this court lacks jurisdiction to consider an IJ's discretionary denial of a

continuance, citing the judicial review provisions in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), codified at 8 U.S.C. § 1252 (2004). IIRIRA is applicable because Onyinkwa's removal proceedings were initiated after April 1, 1997. Our court has not yet considered the reviewability of an IJ's refusal to continue removal proceedings under IIRIRA.

IIRIRA provides that no court has jurisdiction to review "any decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General," except for the granting of relief under 8 U.S.C. § 1158(a) (2004). 8 U.S.C. § 1252(a)(2)(B)(ii) (2004). The phrase "this subchapter" refers to subchapter II of Chapter 12 of Title 8, including 8 U.S.C. §§ 1151-1378. Van Dinh v. Reno, 197 F.3d 427, 433 (10th Cir. 1999). Whenever a regulation implementing a subchapter II statute confers discretion upon an IJ, IIRIRA generally divests courts of jurisdiction to review the exercise of that discretion. CDI Services, Inc. v. Reno, 278 F.3d 616, 619 (6th Cir. 2002). See also Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003) (no jurisdiction to review discretionary cancellation of removal); Regalado-Garcia v. INS, 305 F.3d 784, 786 n.2 (8th Cir. 2002) (no jurisdiction to review discretionary decision to deny voluntary departure).

Immigration judges derive the discretionary authority to grant or deny motions for continuance from 8 U.S.C. § 1229a(a)(1) (2004), and this provision is contained within subchapter II. See Van Dinh, 197 F.3d at 433. This section authorizes immigration judges to "conduct removal proceedings," 8 U.S.C. § 1229a(a)(1), and an implementing regulation provides that "[a]n immigration judge may grant a continuance for good cause shown." 8 C.F.R. § 1003.29 (2004). This language has long been held to confer discretion upon an IJ to grant or deny a continuance. See, e.g., Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1999). Even before IIRIRA, courts traditionally reviewed an IJ's denial of a motion for continuance for abuse of discretion. See, e.g. Al Khouri v. Ashcroft, 362 F.3d 461, 464 (8th Cir. 2004). Since

a regulation implementing subchapter II specifies that the power to grant continuances is within the discretion of immigration judges, under IIRIRA courts generally have no jurisdiction to review the exercise of that discretion. See CDI Services, 278 F.3d at 619. See also Koenig v. INS, 64 Fed.Appx. 996, 998 (6th Cir. 2003) (unpublished) (no jurisdiction to review IJ's denial of continuance). The only recognized exception to this rule need not be addressed here where Onyinkwa has not made any showing of a substantial constitutional violation.[1] His petition should be dismissed for lack of jurisdiction.

Even if we were to consider the merits of Onyinkwa's motion, however, we would not find that the IJ abused her discretion by denying the continuance. See Al Khouri, 362 F.3d. at 464 (standard of review). The INS denied the visa petition because Onyinkwa and his wife gave conflicting information about their relationship and contacts. For example, their testimony was in conflict as to when and where they met, whether Onyinkwa had met his wife's mother, what they had done on Christmas, and the number and genders of his wife's children. Moreover, the evidence suggested that the couple was not living together as they claimed. In light of the INS notice of intent to deny the second visa petition for these reasons, the IJ was well within her discretion to deny the motion for continuance to allow further proceedings.

---

[1]Several circuits have suggested that courts retain jurisdiction to review discretionary decisions by immigration judges if a petitioner has demonstrated a substantial constitutional violation. See, e.g., Morales Ventura v. Ashcroft, 348 F.3d 1259, 1262 (10th Cir. 2003); Carranza v. INS, 277 F.3d 65, 73 (1st Cir. 2002); Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir. 2001); Mendes v. INS, 197 F.3d 6, 11 (1999). See also Calcano-Martinez, 533 U.S. 348, 350 n.2 (2001) (government conceded that courts of appeals retain jurisdiction to review "substantial constitutional challenges"). In any case, "a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." Torres-Aguilar, 246 F.3d at 1271.

Cf. Onyeme v. INS, 146 F.3d 227, 233 (4th Cir. 1998) (no abuse of discretion to deny continuance pending adjudication of frivolous visa application).

For these reasons Onyinkwa's petition is dismissed.

_____