*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0044p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

HISHAM D. ABU-KHALIEL,

*Petitioner,*

*v.*

No. 04-4061

ALBERTO GONZALES, U.S. Attorney General,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A74 738 054.

Argued: October 27, 2005

Decided and Filed: February 1, 2006

Before: KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

---

## COUNSEL

**ARGUED:** Svetlana J. Schreiber, SVETLANA SCHREIBER & ASSOCIATES, Cleveland, Ohio, for Petitioner. Barry J. Pettinato, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Svetlana J. Schreiber, SVETLANA SCHREIBER & ASSOCIATES, Cleveland, Ohio, for Petitioner. Barry J. Pettinato, David V. Bernal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

## OPINION

---

KENNEDY, Circuit Judge. Hisham Dawood Abu-Khaliel ("Petitioner") petitions this court for review of the decisions of the immigration judge ("IJ") denying his request for a continuance and voluntary departure, and the decision of the Board of Immigration Appeals ("BIA") denying his motion to remand. The Government contests our jurisdiction to hear Petitioner's claims. For the following reasons, we hold that we have jurisdiction to review all Petitioner's claims except his request for voluntary departure. However, we **DENY** the petition on the merits.

### BACKGROUND

Petitioner is a native of Israel and a citizen of Jordan. He entered the United States as a non-immigrant visitor for pleasure on September 20, 1995. His authorization expired on March 19, 1996. Petitioner remained in the country after the expiration of his authorization. On January 13, 1997, Petitioner married Shaheerah Jean Storrs, a citizen of the United States. On April 28, 1997,

1

Petitioner was convicted in the Shaker Heights, Ohio, Municipal Court of five counts of criminal simulation in violation of § 745.12(a)(4)[1] of the Shaker Heights codified ordinances. He was also convicted, on the same day, and in the same court, of criminal simulation in violation of § 2913.32(a)(4)[2] of the Ohio Revised Code.

The former Immigration and Naturalization Service ("I.N.S.") initiated removal proceedings against Petitioner on December 1, 1999. In its notice to appear ("NTA"), the I.N.S. charged Petitioner with being subject to removal pursuant to Title 8 U.S.C. § 1227(a)(1)(B) and (a)(2)(A)(ii) (1999), as an alien who, after admission, remained in the United States for longer than he was permitted, and who was convicted of two crimes involving moral turpitude. At the initial hearing held on August 1, 2001, Petitioner admitted to an IJ all but one of the factual allegations in the NTA. He only denied that the crimes for which he was convicted arose from more than a single scheme of criminal misconduct. Thus, he admitted that he was removable pursuant to Title 8 U.S.C. § 1227(a)(1)(B) (1999). Petitioner also requested voluntary departure. The IJ continued the proceedings until July 12, 2002 based on an I-130 family-based certification filed by Petitioner's wife.

The July 12, 2002 hearing was continued until May 2, 2003, in order to permit Petitioner to seek a labor certification. The labor certification never materialized. In August of 2002, Petitioner finalized his divorce from his first wife. Five days before his May 2, 2003 hearing, Petitioner married his second wife. Petitioner's second wife filed a second I-130 on his behalf.

At the May 2, 2003 hearing, the IJ determined that Petitioner was removable as charged, and ordered him deported to Jordan. At the beginning of that hearing, the IJ, exercising her discretion, denied Petitioner's request for a third continuance based on the second I-130 filed by Petitioner's new wife. The IJ cited the number and length of the prior continuances, the fact that the second wife would have been aware of Petitioner's pending deportation proceeding prior to her marriage to him, and Petitioner's criminal convictions as reasons for declining to exercise her discretion. The IJ also expressed some frustration that Petitioner had not informed the court of his pending divorce at the July 12, 2002 hearing where the second continuance was granted.[3] Finally, the IJ denied Petitioner voluntary departure.

Petitioner appealed the IJ's rulings to the BIA where he made a motion to remand. The BIA affirmed the IJ and denied the motion. Petitioner now asks this court to review the IJ's decisions on the denial of a continuance, the IJ's denial of voluntary departure, and the the BIA's decision denying his motion to remand. Petitioner also contests the IJ's decision with respect to whether his

---

[1] The relevant portions of Shaker Heights Codified Ordinance § 745.12(a) read:

No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
. . . (2) Practice deception in making, retouching, editing, or reproducing any photograph, movie film, video tape, phonograph record, or recording tape . . .
(4) Utter, or possess with purpose to utter, any object that the person knows to have been simulated as provided in division (A)(1), (2), or (3) of this section.

[2] Ohio Revised Code § 2913.32(A)(4) is identical to Shaker Height Codified Ordinance § 745.12(a)(4).

[3] Petitioner points out that the subject of discussion of the July 12, 2002 hearing was the pending labor certification and not the I-130 filed by his previous wife, although that too was mentioned. While it does appear from the record that the IJ may have been confused as to the subject matter discussed at the July 12, 2002 hearing, as we hold below, the other reasons given by the IJ are sufficient to affirm the IJ under the abuse of discretion standard of review.

convictions stemmed from a single scheme of criminal misconduct.[4] The Government contests our jurisdiction to hear the appeal. The Government also, in the alternative, contests the merits of Petitioner's arguments.

## ANALYSIS

A.      Jurisdiction

We must first address the question of whether this court has jurisdiction over Petitioner's claims. We review the existence of subject matter jurisdiction de novo. *Ammex, Inc., v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003). Petitioner asserts that this court has jurisdiction to review the IJ's denial of voluntary departure, the BIA's denial of his motion to remand his case to the IJ, and the IJ's denial of a continuance. We address each argument in turn.

Title 18 U.S.C. § 1252(a)(1) grants judicial review of final orders of removal except as provided in subsection(b). However, Title 8 U.S.C. § 1252(a)(2)(B)(i) (1999), regardless of whether the judgment, decision, or action is made in removal proceedings, strips courts of jurisdiction to review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title."[5] Voluntary departure is addressed in 8 U.S.C. § 1229c (1999). Thus, this court lacks jurisdiction to review the IJ's denial of voluntary departure. *See* 8 U.S.C. § 1229c(f) (1999).

---

[4]Because Petitioner has already admitted that he is removable pursuant to Title 8 U.S.C. § 1227(a)(1)(B) (1999), due to his overstay, he has admitted that he is deportable absent an adjustment of his status. In light of our holding on the merits of his appeal concerning the discretionary decisions of the IJ and the BIA, it is unnecessary for this court to rule on Petitioner's arguments that his crimes arose out of a single scheme of criminal misconduct, and we decline to do so.

[5]8 U.S.C. § 1252 reads as follows:

(a) Applicable provisions

  (1) General orders of removal

  Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section and except that the court may not order the taking of additional evidence under section 2347(c) of Title 28.

  (2) Matters not subject to judicial review

   . . .

  (B) Denials of discretionary relief

  Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

    (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

    (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

This court has already determined that it has jurisdiction over the BIA's denial of a motion to remand. *See Pilica v. Ashcroft*, 388 F.3d 941, 945-48 (6th Cir. 2004). In *Pilica*, this court held that a motion to reopen that does not involve the consideration of relief on the merits should not be treated as "regarding" the granting of relief under § 1255. *Id*. Accordingly, this court held that it had jurisdiction over the BIA's denial of a motion to remand. *Id*. Similarly here, the motion for remand involves procedural issues, not the merits of Petitioner's claims. Thus, the Government's arguments to the contrary are unavailing.

The question of whether this court has jurisdiction to review the IJ's denial of a continuance requires a more nuanced discussion. Title 8 U.S.C. § 1252(a)(2)(B)(ii) (1999) strips courts of jurisdiction to review "any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title." The phrase "this subchapter" refers to subchapter II of Chapter 12 of Title 8, U.S.C. §§ 1151-1378. *Zafar v. U.S. Attorney General*, 426 F.3d 1330, 1334 (11th Cir. 2005); *Onyinkwa v. Ashcroft*, 376 F.3d 797 (8th Cir. 2004). *See also Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999).

In *CDI Information Services, Inc., v. Reno*, 278 F.3d 616, 619 (6th Cir. 2002), this court applied 8 U.S.C. § 1252(a)(2)(B)(ii) in holding that it lacked jurisdiction over the I.N.S.'s decision denying an immigrant an extension of his visa. We determined that 8 U.S.C. § 1184(a)(1) and its accompanying regulation, 8 C.F.R. § 214.1(c)(5), gave the Attorney General discretion to decide on visa extensions and, because of that discretion, under 8 U.S.C. § 1252(a)(2)(B)(ii), the court lacked jurisdiction. *See id*. 619-20.

The Government notes that Petitioner appeals only the denial of his motion for a continuance and not his removability. The Government argues that 8 U.S.C. § 1229a(a)(1) (1999), which reads: "An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien," and 8 C.F.R. § 3.29 (1999) (now codified at 8 C.F.R. § 1003.29), which reads: "The Immigration Judge may grant a motion for continuance for good cause shown," give the IJ discretion over the granting of continuances. Apparently, the Government concludes that the IJ's decision to grant or deny a continuance when presiding in a removal proceeding is a decision within the discretion of the Attorney General, with the result that this court is stripped of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). The Government reaches this conclusion by relying on *Onyinkwa* and on this Circuit's decision in *CDI Information Services*. *Onyinkwa*, 376 F.3d at 799 ("Whenever a regulation implementing a subchapter II statute confers discretion upon an IJ, IIRIRA generally divests courts of jurisdiction to review the exercise of that discretion.") (citing *CDI Info. Serv., Inc. v. Reno*, 278 F.3d at 619).

In *Onyinkwa*, the Eighth Circuit relying on this court's opinion in *CDI Information Services*[6] found that it lacked jurisdiction to rule on whether an IJ improperly denied *Onyinkwa* a continuance. *Onyinkwa*, 376 F.3d at 799. The *Onyinkwa* court did recognize an exception to the rule for situations where a "showing of a substantial violation" has been made. *Id.* In relying on *CDI Information Services*, we believe that *Onyinkwa* misapplied our precedent. *CDI Information Services* dealt with an application for a visa extension. Section 1184(a)(1) and the regulation it enables, 8 C.F.R. § 214.1(c)(5), give the Attorney General discretion over the granting of visa applications. In contrast, continuances are governed by 8 U.S.C. § 1229a(a)(1) and 8 C.F.R. § 3.29, which give IJs discretion over the granting of continuances. The Attorney General is not given discretion to order removal in contested removal proceedings, and the Government does not so contend. Section 1252(a)(2)(B)(ii) only applies to the portions of subchapter II left to the Attorney

---

[6]*Onyinkwa* also relied on this court's decision in *Koenig v. I.N.S.*, 64 Fed.Appx. 996 (6th Cir. 2003) (unpublished)). Insofar as *Koenig* is not distinguishable from this case, it is only persuasive, and we decline to apply it.

General's discretion, not the portions of subchapter II that leave discretion with IJs in matters where IJs are merit decision-makers that are subject to our review. *Cf. Zafar*, 426 F.3d at 1334-35; *Medina-Morales v. Ashcroft*, 371 F.3d 520, 528-29 (9th Cir. 2004). Thus, under the plain language of § 1252(a)(2)(B)(ii), the sections the Government points to and the sections the Eighth Circuit relied on do not strip this court of jurisdiction.

The Tenth Circuit in *Yerkovich v. Ashcroft*, 381 F.3d 990, 995 (10th Cir. 2004), also determined that it lacked jurisdiction to "review . . . the IJ's discretionary decision denying petitioner's motion for a continuance." In *Yerkovich*, the Tenth Circuit recognized a conflict among the circuits, but decided that it lacked jurisdiction to review an IJ's denial of a continuance when the IJ gained the power to grant that continuance under the regulations only. The Tenth Circuit found that the plain language in § 1252(a)(2)(B)(ii) bars courts from granting relief specified under the chapter, and that § 1252(a)(2)(B)(ii) does not differentiate between whether the discretion is conferred in the statute or in a regulation. The Tenth Circuit also reasoned that because IJs are designees of the Attorney General, they are governed by provisions regarding the Attorney General. The Sixth Circuit case that the Tenth Circuit cites for this proposition, however deals with an IJ determining whether an immigrant qualifies for "extreme hardship." *See Valenzuela Alcantar v. I.N.S.*, 309 F.3d 946, 949 (6th Cir. 2002). Once again, as with extension of visas, extreme hardship determinations were explicitly left to the discretion of the Attorney General by 8 U.S.C. § 1254(a)(1) (repealed 1996). Because those decisions are left to the Attorney General by statute, and the ability to grant continuances is left to the discretion of IJs by statute and regulation, the situations are not comparable. This case is distinguishable from the logic in *Yerkovich* for the same reasons that it is distinguishable from *CDI Information Services*.

The Third Circuit's decision in *Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 158 n.6 (3rd Cir. 2004), is similar to *CDI Information Services*. *Urena-Tavarez* dealt with 8 U.S.C. § 1186a(c)(4), which gives the Attorney General discretion to "remove the conditional basis of the permanent resident status for an alien." Because the statute at issue in *Urena-Tavarez* granted discretion to the Attorney General, it is distinguishable from this case.

In contrast, other circuits have found that they have jurisdiction in cases where the circuit court has jurisdiction to review the decision of the IJ on the merits, as it does here. The Ninth Circuit, in *Medina-Morales*, 371 F.3d at 528, determined that it had jurisdiction to review an IJ's denial of a motion to reopen a case because that decision was not one in "which a statute gives the Attorney General pure discretion unguided by legal standards or statutory guidelines." The Ninth Circuit agreed that regulations gave IJs broad discretion over motions to remand. *Id*. It also agreed that the relevant statutes did not grant or deny the Attorney General discretionary authority over continuances. *Id*. The Ninth Circuit indicated that the relevant statutes "can perhaps be said to have left such authority to the Attorney General by default." *Id*. But, the Ninth Circuit did not believe that such default authority would be enough to strip the court of jurisdiction because "default authority does not constitute the *specification* required by § 1252(a)(2)(B)(ii)." *Id.*

Similarly, the Eleventh Circuit addressed this question in *Zafar*. It relied on the fact that "[t]he expressed authority of an immigration judge to grant or deny a motion to continue a hearing is *not* found under the particular 'subchapter' where § 1252(a)(2)(B)(ii) is contained . . . ." *Id*. at 1334. The Eleventh Circuit, like the Ninth Circuit, relied on the lack of a specific statutory delegation of discretion to the Attorney General in determining that the court had jurisdiction.

Finally, the Seventh Circuit found that it had jurisdiction to decide whether an IJ abused his or her discretion in denying a continuance in a removal proceeding involving an adjustment of status. *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004). The *Subhan* court held that:

> we nevertheless think it unlikely that Congress, intending, as it clearly did, to entitle illegal aliens to seek an adjustment of status upon the receipt of certificates from the state and federal labor departments, at the same time also intended section 1252(a)(2)(B)(ii) to place beyond judicial review decisions by the immigration authorities that nullified the statute. If that section is applicable to cases such as this--cases, that is, in which rulings on requests for adjustment of status are precluded by procedural rulings--immigration judges can with impunity refuse to grant one-week continuances to persons in Subhan's position.

*Id.* In so holding, the Seventh Circuit focused on the concern that if it lacked jurisdiction to review procedural rules in certain types of cases, that lack of jurisdiction would also effectively strip a court of jurisdiction to review the very merits of a claim that it would otherwise have jurisdiction to review. *See id.*[7]

Like the Ninth and Eleventh Circuits, we agree that we have jurisdiction to review the IJ's denial of a continuance. We reach that conclusion through somewhat different reasoning. The regulation to which the Government points, 8 C.F.R. § 3.29, makes explicit an implicit power granted to immigration judges by 8 U.S.C. § 1229a(a)(1). In § 1229a(a)(1), Congress granted IJs the power to "conduct proceedings." Thus, their powers to conduct removal proceedings are not conferred by the Attorney General. In our view, a necessary component of that power is the ability to decide when to conduct those proceedings, or when it is appropriate to delay a proceeding until a later time. It would appear, therefore, that Congress implicitly granted IJs the power to grant continuances in 8 U.S.C. § 1229a(a)(1). While it may not be a denial of due process to forbid a judicial officer from granting necessary continuances, in the absence of such a restriction, that power is surely implied.

Section 1229a(a)(1) falls within subchapter II, and it is, therefore, subject to 8 U.S.C. § 1252(a)(2)(B)(ii). Thus, we are not persuaded by the logic of the Ninth and the Eleventh Circuits. As we have previously discussed, however, we agree with the result that those courts reached because we do not believe that an IJ and the Attorney General are the same when the IJ is carrying out duties conferred by statute as opposed to when the IJ is performing duties delegated by the Attorney General.

If Congress desired to strip this court of jurisdiction to review decisions within subchapter II that it left to the discretion of an IJ, it could have done so. Because it only stripped this court of jurisdiction for decisions within subchapter II it left to the discretion of the Attorney General, we have jurisdiction to review the IJ's decision to deny a continuance for an abuse of discretion. We are further persuaded by the analysis of the Seventh Circuit in *Subhan*. If Congress grants courts the ability to review the merits of a proceeding, it would seem very odd indeed for a court to lack the ability to review a procedural decision that is determinative of the merits of a case, particularly when the court has jurisdiction to review the merits of that case absent a conclusive procedural ruling.

B.       Merits

The BIA's denial of a motion to remand is reviewed for an abuse of discretion. *Fieran v. I.N.S.*, 268 F.3d 340, 344 (6th Cir. 2001) (citing *Ashki v. I.N.S.*, 233 F.3d 913, 917 (6th Cir. 2000)). In addition, we review the denial of a continuance for an abuse of discretion in light of the fact that a grant of a continuance is within the discretion of the IJ. *See* 8 C.F.R. § 3.29. *See also Witter*, 113 F.3d at 555. "In determining whether the Board abused its discretion, this Court must decide

---

[7]In *Witter v. I.N.S.*, 113 F.3d 549, 555 (5th Cir. 1997), the Fifth Circuit ruled on whether the BIA abused its discretion in denying an appeal from a continuance without ruling on the jurisdictional question posed here.

whether the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination . . . ." *Balani v. I.N.S.,* 669 F.2d 1157, 1161 (6th Cir.1982).

In this case, we cannot say that either the IJ's denial of a continuance or the BIA's consequent denial of Petitioner's motion to remand were abuses of discretion. The IJ offered two uncontroverted reasons to explain why denial of a further continuance was appropriate. First, the IJ cited to the length of the prior continuances. Second, the IJ pointed out that Petitioner had violated the laws of the United States.[8] These reasons alone provide sufficient basis for this court to find that the IJ did not abuse her discretion in denying Petitioner a further continuance. To the extent that Petitioner alleges a denial of due process, his argument is not well taken. *See Huicochea-Gomez v. I.N.S.*, 237 F.3d 696, 700 (6th Cir. 2001) ("The failure to be granted discretionary relief does not amount to a deprivation of a liberty interest.").

Furthermore, on review, the BIA found that: "Moreover, given the circumstances noted by the Immigration Judge and the opposition filed by the Department of Homeland Security, we are not persuaded that a remand of these proceeding[s] is warranted." Although we have previously admonished the BIA for not providing this court with "any explanation whatsoever," *see Pilica*, 388 F.3d at 948, we hold that the BIA's explanation, though vague, is sufficient to find that it did not abuse its discretion in this case, particularly since the IJ did not abuse her discretion in denying the continuance and Petitioner admitted that he was otherwise deportable.

## CONCLUSION

For the foregoing reasons, we **DISMISS** the portion of the petition requesting voluntary departure for lack of jurisdiction, and we **DENY** the remainder of the petition for review.

---

[8] Even if Petitioner is correct that his crimes were out of a single scheme of criminal misconduct, a single violation of a criminal statute could provide a sound basis for an IJ to deny a continuance after having already granted two previous continuances.