**NOT RECOMMENDED FOR PUBLICATION**
File Name: 07a0263n.06
Filed: April 9, 2007

**No. 06-3204**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

SHEEINTAYZAR SOE,       )
             )
 Petitioner,        )
             )
v.             ) PETITION FOR REVIEW FROM
             ) THE BOARD OF IMMIGRATION
             ) APPEALS
ALBERTO R. GONZALES, ATTORNEY )
GENERAL OF THE UNITED STATES,  )
             )
 Respondent.       )

Before: SILER, GIBBONS, and ROGERS, Circuit Judges.

PER CURIAM. Sheeintayzar Soe petitions this court for review of the Board of Immigration Appeals' ("BIA") order denying his application for asylum. Soe contends that the Immigration Judge ("IJ") erred in finding that he failed to demonstrate extraordinary circumstances for untimely filing his asylum application. He argues that his extreme social isolation falls within the category of extraordinary circumstances, and that this court may review the issue because it is a question of law. Because we lack jurisdiction to review Soe's claims, we **DENY** his petition.

**I. BACKGROUND**

Soe is a 29-year-old native and citizen of Burma also known as Myanmar. He arrived in the United States in 1998. He was a political activist in Burma, and it is undisputed that he has a well-

founded fear of persecution if he is forced to return. In fact, the government does not oppose withholding of removal.

After entering the United States, Soe spent most of his first year staying with a woman and her children in Greensboro, North Carolina. He could not speak English and did not work. The Burmese population of Greensboro was small, and no one informed Soe of his option of filing for asylum. In August 1999, Soe moved to New York City, which had a much larger Burmese population. He met a Burmese refugee named Win Thaung, who informed him of the possibility of filing for asylum.

Soe was required to file his application for asylum one year after entering the United States, but the Immigration and Naturalization Service ("INS") did not receive and stamp his application until January 2001. Following his asylum interview, Soe's case was referred to the IJ because he failed to timely file his application. The IJ granted Soe's application for withholding of removal, but denied his application for asylum as untimely. The BIA adopted and affirmed the IJ's finding on the timeliness of the application, and because withholding of removal was uncontested, the BIA dismissed the appeal.

## II. DISCUSSION

We review this jurisdictional question de novo. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630 (6th Cir. 2006).

Eligibility for asylum is dependent upon an alien's filing his application for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2). There are, however, two exceptions to this rule. First, if there were changed country conditions in the alien's native land or

extraordinary circumstances caused the delayed filing, then the one-year time limitation might not apply. *Id.* Second, extraordinary circumstances "may excuse the failure to file within the 1-year period as long as the alien filed the application within a reasonable period given those circumstances." 8 C.F.R. § 1208.4(a)(5).

Soe arrived in the United States on September 29, 1998. He needed to file his application for asylum by September 29, 1999. He contends that he filed his application in June 2000. However, the INS did not receive and stamp the application until January 2001. In any event, Soe did not file his asylum application on time.

Soe argues that he falls under the extraordinary circumstances exception to the one-year time limit because he suffered extreme social isolation during his time in Greensboro. The IJ found that Soe did not act within a reasonable time to file his application even if he had suffered extraordinary circumstances through extreme social isolation.

Section 1158(a)(3) of Title 8, United States Code, precludes this court from reviewing a question dealing with the one-year time limit to file an asylum application. The REAL ID Act § 106(1)(A)(iii) ("REAL ID") partially modifies this clear statutory mandate:

> Nothing in . . . any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

In *Almuhtaseb v. Gonzales*, 453 F.3d 743 (6th Cir. 2006), we held that under the REAL ID we will review asylum applications denied for untimeliness only when the appeal seeks review of

"constitutional claims or matters of statutory construction," not when the question is "discretionary" or "factual." *Id.* at 748. "The timeliness of an alien's asylum application is usually a question of fact." *Mehilli v. Gonzales,* 433 F.3d 86, 93 (1st Cir. 2005). Nonetheless, Soe contends that in this case it is a question of law. We disagree.

Here, the IJ made a factual determination that Soe's isolation ended when he left Greensboro and came into contact with the larger Burmese community in New York. Based on the factual determination, the IJ found that Soe failed to file for asylum within a reasonable period after his isolation ended. Factual determinations regarding the one-year bar and the existence of changed or extraordinary circumstances "simply do not fit" in the "question of law category." *Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005). Thus, Soe's arguments that we have jurisdiction fail because he presents the court with a factual question.

**PETITION DENIED.**