08-0767-ag
Alnahham v. Holder

BIA
A095-956-855

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of April, two thousand and ten.

PRESENT:    PETER W. HALL,
            GERARD E. LYNCH,
                                    *Circuit Judges,*
            TIMOTHY C. STANCEU,[*]
                                    *Judge.*

------------------------------------------------------------------------x
ALI ABDO MOHSEN MOHAMED QAYED
ALNAHHAM,

                                    *Petitioner,*

    -v.-                                              No. 08-0767-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,[**] MICHAEL CHERTOFF, AS SECRETARY OF
THE U.S. DEPARTMENT OF HOMELAND SECURITY;

_____

[*] Judge Timothy C. Stanceu of the United States Court of International Trade, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

SALVATORE DALESSANDRO, AS SPECIAL AGENT-
CHARGE OF THE NEW YORK FIELD OFFICE
OF THE U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

                                                              *Respondents*.
--------------------------------------------------------------------x


APPEARING FOR THE PETITIONER:     WANYONG LAI AUSTIN (Ana Pottratz, *on the*
                                  *brief*), Lutheran Social Services of New York, New
                                  York, N.Y.

APPEARING FOR THE RESPONDENT:     P. MICHAEL TRUMAN, (Tony West, Jennifer J.
                                  Keeney, *on the brief*), Office of Immigration
                                  Litigation, Civil Division, United States Department
                                  of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration

Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the

petition for review is DENIED.

Petitioner Ali Abdo Mohsen Mohamed Qayed Alnahham ("Alnahham") petitions for

review of a January 17, 2008, decision of the BIA dismissing his appeal from the decision of an

immigration judge ("IJ") denying his motion to terminate removal proceedings.[1]  We assume the

parties' familiarity with the underlying facts, procedural history of the case, and the issues raised

on petition for review.

The BIA's denial of a motion to terminate proceedings is reviewed for abuse of

discretion.  *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006).  This Court may find

an abuse of discretion where the BIA's decision was arbitrary and capricious.  *Ke Zhen Zhao v.*

---

[1] Alnahham's brief does not challenge the BIA's denial of his alternative motion to
suppress evidence or the agency's determination that he is removable.  Accordingly, we deem
these issues waived.  *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

*U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). "We must uphold administrative findings of fact if they are supported by reasonable, substantial, and probative evidence in the record as a whole. We may reverse an administrative finding of fact only if any reasonable adjudicator would be compelled to conclude to the contrary of such finding." *Kanacevic v. I.N.S.,* 448 F.3d 129, 135 (2d Cir. 2006) (citations omitted). Legal conclusions are reviewed *de novo*, but we owe deference to the Agency's interpretation of its own regulations, which are "controlling unless plainly erroneous or inconsistent with the regulation." *Perriello v. Napolitano*, 579 F.3d 135, 138 (2d Cir. 2009).

Alnahham contends that, when he reported to the federal building at 26 Federal Plaza in New York City in January 2003 to comply with the Special Call-In Registration Program ("SCIRP") component of the National Security Entry-Exit Registration System ("NSEERS"), *see Rajah v. Mukasey*, 544 F.3d 427, 432-33 (2d Cir. 2008) (describing SCIRP and NSEERS), the immigration officials who processed him violated the following regulations: (1) 8 C.F.R. § 292.5(b) (providing for the right of an alien to be represented by an attorney or representative at any examination); (2) 8 C.F.R. § 287.8(c)(2)(ii) (providing that an arrest warrant must be obtained before arrest except where the immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained); (3) 8 C.F.R. § 287.8(c)(2)(iii) (requiring an arresting officer to identify himself and explain the reasons for the arrest as soon as practicable); (4) 8 C.F.R. § 287.3(a) (requiring that an officer other than the arresting officer examine an alien arrested without warrant, unless no other officer is available or taking the alien before another officer would entail unnecessary delay); (5) 8 C.F.R. § 287.8(c)(2)(vii) (prohibiting the use of coercion to induce a suspect to waive his rights or make a statement); and (6) 8 C.F.R. § 287.3(c)

3

(requiring that an alien placed in formal proceedings be advised of his right to be represented and that any statements made may be used against him). Although Alnahham's brief is somewhat ambiguous with respect to whether he contends we should order relief on a purely constitutional basis even if we find no regulatory violation, he repeatedly notes that the regulations at issue exist to protect the values underlying the Fifth Amendment Due Process Clause, and for the sake of completeness we will assume that he raises both regulatory and constitutional challenges to the agency's decision not to terminate removal proceedings against him.

On review of the record, we find this case materially indistinguishable from *Rajah*, in which we held that "pre-hearing regulatory violations are not grounds for termination, absent prejudice that may have affected the outcome of the proceeding, conscience-shocking conduct, or a deprivation of fundamental rights." 544 F.3d at 447. In that case, we concluded or assumed, in some instances contrary to the agency's decision, that most of the regulations at issue (which are, except for 8 C.F.R. § 287.3(c), the same regulations at issue in this case) had been violated. *See id.* at 443-46. Specifically, we found that: (1) at least some of the petitioners had been arrested without warrant in violation of 8 C.F.R. § 287.8(c)(2)(ii), *see id.* at 443-44; (2) at least some of the petitioners were not informed of their arrest until after substantial questioning had occurred, in violation of 8 C.F.R. § 287.8(c)(2)(iii), *see id.* at 444; (3) it was safe to assume that each of the petitioners had been examined by the same officer who arrested him, in violation of 8 C.F.R. § 287.3(a), *see id.*; and (4) the seven-hour interrogation of one petitioner, interrupted by two stints in a cell, was coercive, in violation of 8 C.F.R. § 287.8(c)(2)(vii), *see id.* at 445-46. We did not find any violation of the right to counsel in *Rajah*, and we did not address the right to be notified of the right to counsel. *See id.* at 444-45.

4

Although Alnahham argues that he need not show prejudice, we made clear in *Rajah* that regulatory violations that affect "fundamental rights derived from the Constitution or federal statutes" require termination absent a showing of prejudice only if they occur "*during a deportation hearing.*" 544 F.3d at 446-47 (emphasis in original) (citing *Waldron v. INS*, 17 F.3d 511, 518 (2d Cir. 1993); *Montilla v. INS*, 926 F.2d 162, 170 (2d Cir. 1991)). This is so because, "[i]n the case of harmless, nonegregious[] pre-hearing violations, termination would provide no benefit other than a windfall delay to the deportable alien" and "[u]nlike a violation occurring during a hearing, the alien's second deportation hearing would be no more fair than, or even different from, the first." *Rajah*, 544 F.3d at 447.[2]

Here we will assume that the following violations occurred: (1) Alnahham was arrested without a warrant; (2) he was examined by the same officer who arrested him; (3) he was not promptly and formally notified of the arrest; and (4) the circumstances of his interrogation on the 10th floor of 26 Federal Plaza were at least minimally coercive. But we conclude that Alnahham's right to counsel was not violated, as he did not request that an attorney accompany him to the 10th floor and never asked to speak to an attorney during questioning, and we also conclude that he was properly notified of his right to be represented, as the statement he signed

---

[2] We also observed in *Rajah* that "litigating the conduct surrounding an arrest would impose an intolerable administrative burden on the immigration enforcement system," and that "deportation hearings, which depend on simplicity and efficiency, would become immensely complicated if testimony had to be heard on the detailed circumstances of each arrest." 544 F.3d at 447 (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1049 (1984)). The present case, in which the agency proceedings occurred prior to our decision in *Rajah*, demonstrates that we were correct. Although there was never any dispute that Alnahham was removable, and it is clear for the reasons expressed in this summary order that his removability could have been established without any evidence obtained by a regulatory violation, his motion to terminate required a lengthy hearing before the IJ that stretched over two years. After *Rajah*, we expect that hearings of this nature will become fewer, and, when they occur, more focused.

contained a clear *Miranda* warning and a reasonable adjudicator would not be compelled to accept Alnahham's contention that he had no opportunity to read the warning simply because the officer did not explicitly instruct him to read the statement before he signed it and he had a "feeling" that he would not be permitted to read it.

Whatever improprieties occurred, they do not rise to the level of being prejudicial, conscience-shocking, or a deprivation of fundamental rights. There is no prejudice because evidence in the record untainted by any violation establishes Alnahham's removability by clear and convincing evidence. Alnahham's visa shows that he was admitted until April 1999, a date that he overstayed by nearly four years. Furthermore, a printout from the Non-Immigrant Information System ("NIIS") dated January 14, 2003 (the day on which Alnahham arrived at 26 Federal Plaza to report under NSEERS) shows that he was admitted in October 1998 and permitted to remain through April 1999. A document printed in January 2003 showing that the person named was to have departed from the United States in April 1999, and a stamp on a passport showing the same, are, standing alone, enough to show that the person named has overstayed his visa. *See Zerrei v. Gonzales*, 471 F.3d 342, 346-47 (2d Cir. 2006).

We also conclude that the officials' conduct was not conscience-shocking and did not deprive Alnahham of fundamental rights. For the most part, the violations Alnahham alleges are indistinguishable from those found not to shock the conscience or violate fundamental rights in *Rajah*. *See* 544 F.3d at 443-46. Only two of Alnahham's allegations take his case beyond the facts of *Rajah*: (1) unlike the petitioners in *Rajah*, Alnahham actually brought an attorney with him to 26 Federal Plaza, *cf.* 544 F.3d at 444-45 ("[N]one of the petitioners claims to have brought an attorney to his examination," although one petitioner claimed that his non-attorney

6

caseworker was denied permission to accompany him to the 10th floor); and (2) Alnahham remained at 26 Federal Plaza for more than 24 hours. With respect to the former, we have already determined that Alnahham's right to counsel was not violated at all. With respect to the latter, while we agree with the IJ's characterization of the amount of time Alnahham spent at 26 Federal Plaza as "inordinate," we are unable to say that this period shocks the conscience or violated a fundamental right, especially given that Alnahham spent most of this time on the third floor, where he was not in a custodial setting and was not told that he would not be permitted to leave if he so chose. Although Alnahham argues that he was afraid that he would be jailed if he left the third floor before he was processed, no government actor told him so; he was under this impression based on what he had heard from friends in the community. In some respects, the officials' questioning of Alnahham was considerably less burdensome than that of petitioners in *Rajah*. For example, Alnahham was questioned for two hours, while one petitioner in *Rajah* was questioned for seven hours (twice interrupted by brief stints in a cell), and in that latter case we concluded that "the interrogation, ... while undoubtedly unpleasant, did not rise beyond the level of being long and tiresome." 544 F.3d at 445-46. In sum, we conclude that *Rajah* requires us to hold that the actions of officials at 26 Federal Plaza neither shock the conscience nor deprived Alnahham of a fundamental right.

Finally, to the extent Alnahham contends that the Fifth Amendment required the agency to terminate proceedings, he cannot prevail. We held in *Rajah*:

> [SCIRP] was a valid reporting requirement. Notwithstanding the protections of the Fifth Amendment, the government may require disclosure of information where the area of inquiry is regulatory rather than criminal, where the field subject to the disclosure obligation is not permeated with criminal statutes, and where there is a substantial non-prosecutorial interest served by the reporting regime. ...

7

Accordingly, [SCIRP] was valid as a reporting requirement not subject to Fifth Amendment protections.

544 F.3d at 442. In short, Alnahham had no right to remain silent with respect to SCIRP's requirement that he appear for registration, fingerprinting and presentation of immigration-related documents. *See id.* at 433 (describing requirements of SCIRP). Given that he overstayed his visa, Alnahham would inevitably have been found removable based on information he had no constitutional right to withhold. Accordingly, termination was not warranted on Fifth Amendment grounds.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk