ALICE M. BATCHELDER, Circuit Judge,
dissenting from the judgment.
I concur in'all but part IV of the majority’s opinion, and so dissent from the judgment. The majority would remand this case because they say that the Board made no mention of the mother’s letter, and because it failed to provide a rational explanation for its decision. I would affirm the Board’s decision because it explicitly referenced Pagoada-Galeas’s mother’s letter and explained that Pagoada-Galeas failed to demonstrate that the gang targeted his brother on account of his family membership. Furthermore, Pagoada-Ga-leas failed to show that he feared persecution on account of his family membership.
We review the Board’s denial for abuse of discretion. Abu-Khaliel v. Gonzales, 436 F.3d 627, 634 (6th Cir. 2006). “In determining whether the Board abused its discretion, this Court must decide whether the denial ... was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimina-tion_” Id. (quoting Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir. 1982)).
First, the Board specifically referred to Pagoada-Galeas’s mother’s letter, stating that “[t]he respondent submitted a death certificate, birth certificates for him and his brother, an affidavit from the respondent, a letter from his mother, a news report, and a Congressional Research Report on gangs in Central America.” (emphasis added).
The majority also explains that the Board failed to discuss Pagoada-Galeas’s potentially meritorious argument that his mother’s letter provides evidence that the gang targeted Pagoada-Galeas’s entire family , and followed through on its threat by murdering his brother. But this misses the mark. Nothing in the letter suggests why the gang targeted his brother. Furthermore, the Board did provide a rational explanation for its conclusion that Pagoa-da-Galeas failed to show that he was targeted on account of his family membership. It stated:
The respondent did not demonstrate that the motion to remand is supported by material evidence that would change the result of Immigration Judge’s decision .... The respondent’s motion does not demonstrate that his brother was killed by gang members because of his membership in any of the proposed particular social groups, a political opinion, or his family relationship with the respondent.
The Board did not abuse its discretion in arriving at this conclusion. Pagoada-Ga-leas’s argument relies on his demonstrating that his family was targeted, or fears being targeted, on account of their family membership, but neither his mother’s letter, nor any other evidence that he has put forward, suggests that that occurred.
Pagoada-Galeas cannot show that he fears persecution on account of his family membership by arguing that the gang tar *863 geted his family on account of their relationship to him. He must show that he fears persecution—that is, that he fears that the gang is targeting him—on account of his family membership. See Akhtar v. Gonzales, 406 F.3d 399, 405 (6th Cir. 2005) (finding that petitioner did not establish a fear of persecution on account of his family membership after ¡recognizing that “other circuit courts have held that the ‘family[1] is a cognizable ‘particular social group’ within the meaning of 8 U.S.C. § 1101(a)(42)(A)” (citing Lopez-Soto v. Ashcroft, 383 F.3d 228, 235 (4th Cir. 2004) (collecting cases), vacated by grant of rehearing en banc[1])); Al-Ghorbani v. Holder, 585 F.3d 980, 995 (6th Cir. 2009) (recognizing family as a particular social group); see also Mikhailevitch v. I.N.S., 146 F.3d 384, 389 (6th Cir. 1998) (requiring the applicant to show, among other things, that he “has a fear of persecution in his ... country on account of race, religion, nationality, membership in a particular social group, or political opinion”) (citing 8 C.F.R, § 208.13(b)).
Even if his mother’s letter does show that his brother was killed on account of his family membership, which it does not, that fact would not demonstrate that Pa-goada-Galeas feared persecution on account of his family membership. He cannot prevail by showing only that his family members have been persecuted on account of their family membership. The majority relies on Akhtar, which stated:
Although acts of violence against an alien’s family members may demonstrate a well-founded fear of persecution, absent a pattern of persecution tied to the asylum applicant himself or herself, acts of violence against family members do not necessarily demonstrate a well-founded fear of persecution.
Akhtar, 406 F.3d at 405 (quoting Gebremaria v. Ashcroft, 378 F.3d 734, 739 (8th Cir. 2004)). “Akhtar ‘[could not] rely solely on the persecution of [his] family members to qualify for asylum.’” Id. at 406 (quoting Ciorba v. Ashcroft, 323 F.3d 539, 545 (7th Cir. 2003)). The court in that case looked for some family persecution tied to Akhtar himself, but found none. As in Akhtar, “[t]he question here is whether [the petitioner] has a well-founded fear of persecution ‘on account of such family membership.” Akhtar, 406 F.3d at 405. While the majority states that evidence of a pattern of persecution existed here, the persecution that Pagoada-Galeas suffered or feared, credibility issues aside, was not on account of his family membership and his evidence does not support a claim that it was.
The majority says that our deference “does not require [the court] to envision a rational explanation” for the Board’s decision. Berhane v. Holder, 606 F.3d 819, 825 (6th Cir. 2010). True. But we do not need to envision a rational explanation here because the Board provided one. After addressing Pagoada-Galeas’s evidence, the Board stated that his motion failed to “demonstrate that his brother was killed by gang members because of his membership in any of the proposed particular social groups, a political opinion, or his family relationship with the respondent.” His mother’s letter, acknowledged by the court, does not state why the gang killed his brother. Our deference neither requires us to envision a rational explanation for the Board’s decision—especially when it has provided one—nor does it require us to envision a potentially meritorious argument for the petitioner—especially when he fails to provide one.
Accordingly, I would deny the motion to remand.

. Rehearing was withdrawn pursuant to settlement.