**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0148n.06

Nos. 15-4333/16-3421

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| OTGONBAT SERJEEDORJ, | ) | |
| | ) | **FILED** |
| Petitioner, | ) | Mar 07, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| JEFF B. SESSIONS, U.S. Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: KEITH, BATCHELDER, and McKEAGUE, Circuit Judges.

PER CURIAM. Otgonbat Serjeedorj, a citizen of Mongolia, petitions through counsel for review of two orders of the Board of Immigration Appeals (BIA).

Serjeedorj was born in Mongolia in 1977. He came to this country in 1999 to play in a baseball competition and overstayed his visa. He has been working as a truck driver and has three United States citizen children. When placed in removal proceedings, he applied for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and voluntary departure.

A hearing was held before an immigration judge (IJ), at which Serjeedorj testified that he had been a player/coach for a Mongolian government baseball team that was supported by the Japanese government. However, he learned through rumors that the money the Japanese

intended for the team was being used by team management for personal gain. He protested this corruption, and also other government corruption of an undisclosed nature. This resulted in his being arrested in January and May of 1999. On the first occasion, his parents bailed him out the same day. On the second occasion, Serjeedorj testified he was beaten by the police, lost consciousness, and woke up in the hospital later that evening. He testified that he was beaten "almost to death." His injuries included a broken tooth, a broken wrist and finger, and swelling and bruising to his face. He was taken to jail after he woke up and held overnight until his parents again secured his release. Serjeedorj claimed to fear persecution or torture based on his opposition to government corruption. When questioned about his application for voluntary departure, he equivocated about whether he could raise the money to post bond and indicated that he would not want to return to Mongolia, but he did not know of any other country he could go to without a visa. The IJ determined that the asylum application was untimely and that Serjeedorj had also failed to establish eligibility for asylum, withholding, or CAT protection due to the failure to establish the likelihood of persecution or torture, and based on his lack of credibility and failure to corroborate his claims. Voluntary departure was also denied based on Serjeedorj's failure to convince the IJ that he would leave the country.

Serjeedorj appealed to the BIA, which did not uphold the IJ's finding that Serjeedorj's testimony was not credible, concluding that he only exaggerated the extent of his injuries from the alleged beating. However, the BIA agreed that Serjeedorj had not established eligibility for any of the requested relief. Serjeedorj appealed that decision in Case No. 15-4333. The appeal was held in abeyance while Serjeedorj moved to reopen his case before the BIA. The BIA denied that motion, and Serjeedorj petitioned for review of that order in Case No. 16-3421. We granted Serjeedorj permission to proceed in forma pauperis.

In his brief, Serjeedorj does not challenge the denial of his asylum application or the denial of his motion for reopening. He does reassert his claims for withholding of removal, protection under the CAT, and voluntary departure. He also argues that the BIA erred in considering his first appeal with a single judge rather than three judges, that he was not given the opportunity to supply required corroboration or explain its absence, and, finally, that the court should facilitate his return if he is removed during the pendency of this review and his petition for review is granted.

The claims for asylum and reopening have been abandoned and will not be reviewed. *See Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). Serjeedorj states in a conclusory fashion that his original appeal should have been considered by a panel of judges rather than a single judge. Having shown no prejudice resulting from this alleged error, he is not entitled to any relief. *See Vasha v. Gonzales*, 410 F.3d 863, 875-76 (6th Cir. 2005).

Serjeedorj argues that he was not given the opportunity to corroborate his claims or explain the lack of corroboration. Under 8 U.S.C. § 1158(b)(1)(B)(ii), an alien may be required to corroborate otherwise credible testimony unless he cannot reasonably obtain corroboration. In *Gaye v. Lynch*, 788 F.3d 519, 530 (6th Cir. 2015), we held that an alien is not entitled to notice of the sort of evidence required to corroborate his testimony. Serjeedorj attempts to distinguish that case by arguing that the alien in *Gaye* was found not to be credible, while the BIA in this case did not affirm the finding that his testimony was not credible. However, the plain language of the statute states that corroboration may be required even of otherwise credible testimony. Moreover, in this case, the IJ pointed out several problems with Serjeedorj's documentation at the hearing on November 21, 2013, including that some of the documents had been typed over the top of a supposedly certifying seal and that some of the documents, alleged to have been

independently translated twice, were identical. Serjeedorj did nothing to address these problems before the final merits hearing. An alien may be required to provide corroboration where it can reasonably be obtained, *Urbina-Mejia v. Holder*, 597 F.3d 360, 367 (6th Cir. 2010), and we must uphold a finding that corroboration was required unless a reasonable trier of fact would be compelled to conclude that corroborating evidence was unavailable. *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009). Here, the IJ noted that Serjeedorj testified he had a statement from his parents that could have corroborated his claims but he failed to have it translated. He also failed to submit records of his arrests or medical treatment, instead offering the questionable documents discussed above. Therefore, his argument that he was denied notice or an opportunity to explain the lack of corroborating evidence is without merit.

To establish eligibility for withholding of removal, Serjeedorj was required to show that it is more likely than not that he will be persecuted in Mongolia based on a protected ground. *See Fang Huang v. Mukasey*, 523 F.3d 640, 651 (6th Cir. 2008). To be eligible for protection under the CAT, Serjeedorj was required to show that it is more likely than not that he will be tortured in Mongolia. *See Kaba v. Mukasey*, 546 F.3d 741, 751 (6th Cir. 2008). We uphold the conclusion below that Serjeedorj did not establish past persecution in order to be entitled to a presumption of future persecution. The beating Serjeedorj described did not rise to the level of persecution. In *Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004), we found that the detention and beating of an alien that resulted in his hospitalization for a week was not sufficient to establish past persecution, and the incident described by Serjeedorj was less extreme. He presented no evidence that he would face persecution or torture based on his activities nearly twenty years ago.

Serjeedorj questions the denial of his request for voluntary departure, based on the BIA's failure to reference every page of the hearing transcript containing discussion of the issue. We lack jurisdiction to review this claim. *See Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630-31 (6th Cir. 2006).

Finally, rather than file a motion for a stay of removal pending this review, Serjeedorj requested that the court facilitate his return if he were removed during the pendency of the review but was successful in his appeal. We **DENY** this request as moot and **DENY** the petitions for review.