

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2006

# Hasanov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hasanov v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1640.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1640

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-4353

———

UTKUR HASANOV,

Petitioner

v.

ALBERTO R. GONZALES, Attorney General
of the United States

Respondent

———

On Petition for Review from the United States Department of Justice
Board of Immigration Appeals
(BIA No. A79 515 969)

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
January 30, 2006

Before: McKEE, VAN ANTWERPEN, and SILER,[*] Circuit Judges.

(Filed: February 6, 2006)

———

OPINION OF THE COURT

———

———

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States
Court of Appeals for the Sixth Circuit, sitting by designation.

VAN ANTWERPEN, *Circuit Judge*.

Petitioner Utkur Tilyavovich Hasanov is a native and citizen of Uzbekistan; he came to the United States on November 7, 1999 on a nonimmigrant visitor visa, and overstayed. In the course of ensuing immigration proceedings, he sought and received several continuances and changes of venue, but an Immigration Judge ("IJ") denied his fourth and final requested continuance. The Board of Immigration Appeals ("BIA") affirmed. He alleges that this denial was an abuse of discretion and denied him due process. We cannot review the discretionary aspects of his claim because we lack jurisdiction to do so, and we find that his due process claim lacks merit. We will therefore dismiss the petition in part, and deny it in part.

**I.**

Inasmuch as we write only for the parties, we confine our recitation of the facts to those necessary to our adjudication. Hasanov was stopped for speeding in Arkansas on September 25, 2001. The then-Immigration and Naturalization Service ("INS")[1] initiated removal proceedings against him in Memphis, Tennessee. At his first hearing on January 8, 2002, Hasanov asked for and received a continuance until February 21, 2002. At that time, the IJ scheduled a merits hearing for April 19, 2002. In the meantime, Hasanov changed his location to Marlton, New Jersey, and moved for a change of venue, apparently to Newark. His motion was granted, but venue was changed to Philadelphia. At a July 17, 2002 hearing in Philadelphia, venue was again changed to Newark.

---

[1] As of March 1, 2003, the functions of the INS were assumed by the Bureau of Citizenship and Immigration Services. *Soltane v. United States Dept. of Justice*, 381 F.3d 143, 145 n.1 (3d Cir. 2004).

-1-

Hasanov subsequently obtained a job offer in Philadelphia, and at a January 14, 2003 hearing in Newark, sought to shift venue back to Philadelphia on the basis that transportation to and from Newark would be a hardship, and his witnesses were located there. The IJ denied the motion, stating "I think there's been too much delay in this case . . . . [I]f I change venue, this would be the fourth change of venue." He also noted that trains were readily available for transport between Philadelphia and Newark. The IJ set a hearing for February 25, 2003.

Roughly two weeks prior to the scheduled merits hearing, Hasanov moved for a continuance to accommodate his counsel's hearing schedule, and the proceeding was continued until March 18, 2003. A week prior to that date, Hasanov moved for another continuance to accommodate his attorney's litigation schedule. The hearing was again continued until April 8, 2003, at which date Hasanov appeared with his attorney and applied for asylum, withholding of removal, relief under the United Nations Convention Against Torture ("CAT"), and, in the alternative, voluntary departure. The IJ set a merits hearing for July 24, 2003.

In April 2003, Hasanov applied for an expedited Reduction in Recruitment Labor Certification from the Department of Labor ("DOL"), which would permit him to accept a job offer he had received. It would also, if granted, permit him to obtain an adjustment in status that would afford him relief from removal.

Hasanov moved on July 22, 2003 for an emergency continuance because his counsel believed she had a scheduling conflict on the 24th. After determining that Hasanov's counsel was mistaken as to the conflict, and that none existed, the IJ on July

denied the continuance motion and went forward with the hearing. At this point, Hasanov withdrew his applications for asylum, withholding, and CAT relief, leaving only his request for voluntary departure. He then moved for another continuance on the basis that his Labor Certification was pending with the Department of Labor, and that it would eventually allow him to apply for an adjustment of status. The IJ denied the motion. After referencing Hasanov's several change of venue and continuance attempts, he stated:

> On a number of occasions you've asked for continuances. Most of the time you've been legitimate and I've given you the continuances. So this case is nothing, all about delay. It's all about how long a period of time can I keep this case going so that the respondent can get his labor certification . . . . At this point, I can't see any other reason for giving you a continuance. It was marked for today for an individual hearing. You indicated that you would be ready to go ahead on the individual hearing and now you're requesting another continuance. In fact, that's two continuances, two days. Yesterday, a continuance . . . and another request for continuance today, which is a continuance of nothing but delay.

The hearing proceeded, and the IJ granted Hasanov voluntary departure.

Hasanov appealed the denial of the continuance to the BIA, arguing that it was an abuse of discretion and a violation of due process. While his appeal was pending, he also filed a motion with the BIA to remand his case to enter the sought-after continuance. On October 20, 2004, the BIA adopted and affirmed the IJ's decision, but did not address Hasanov's motion for remand. The BIA added that a pending application for a labor certification is not good cause to continue removal proceedings. Hasanov timely petitioned for review in this Court.

**II.**

Subject to the discussion in section III, *infra*, our jurisdiction to review final orders

of the BIA rests upon 8 U.S.C. § 1252.  Where, as here, the BIA adopts and affirms the decision of the IJ, as well as provides its own reasoning for its decision, we review both the decisions of the IJ and the BIA.  *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004).

## III.

We turn first to Hasanov's claim that it was an abuse of discretion to deny his motion for a continuance.  We lack jurisdiction to review this claim, and will accordingly dismiss it from the petition.  Subject to exceptions not germane here, § 242(a)(2)(B) of the Immigration and Nationality Act ("INA") deprives courts of jurisdiction to review discretionary determinations under that subchapter.  8 U.S.C. § 1252(a)(2)(B).  This includes the discretion to grant or deny continuances in removal proceedings.  *Onyinkwa v. Ashcroft*, 376 F.3d 797, 799 (8th Cir. 2004); *Patel v. Gonzales*, 140 Fed. Appx. 425, 428-29 (3d Cir. 2005).  Because the discretionary determination to deny the continuance is beyond our jurisdiction, we lack authority to review Hasanov's claim that it was an abuse of discretion.[2]

_____

[2] One case from a sister circuit suggests a nuance to this issue, neither raised nor ultimately relevant here: in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), Judge Posner reasoned for a unanimous panel that IJ's could not deny a continuance for no reason other than that an alien who has applied for adjustment of status may acquire, but has not yet acquired, a labor certification.  *Subhan*, 383 F.3d at 593-94.  The Court there held that such a "reason" was really no reason at all, "but merely a statement of the obvious: that the labor department hadn't yet acted."  *Id*. at 593.  Rather, the IJ must actually give some reason to deny the continuance.  *Id*.  To expect less would permit the IJ to thwart the statutory scheme that authorizes aliens to obtain labor certifications and adjustments to their status.  *Id*. at 594.  The present case is distinguishable: first, because the IJ plainly reasoned that Hasanov had stalled too long by seeking changes of venue and continuances; second, because Hasanov had not yet applied for adjustment of status at the time of the July 24, 2003 denial presently at issue.  We would overreach our limited

-4-

## IV.

Hasanov next claims that the denial of his motion for a continuance violated his due process rights. He argues that because the IJ denied him another continuance to await the Department of Labor's adjudication of his Labor Certification application, he was denied the opportunity to apply for the adjustment of status that the Labor Certification would entitle him to. This argument lacks merit. It is well-settled that aliens in removal proceedings are protected by due process. *Kamara v. Attorney General*, 420 F.3d 202, 211 (3d Cir. 2005). Furthermore, courts of appeals retain jurisdiction to review the constitutional claims of an alien raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). To establish a due process violation, a petitioner must not only show an abuse of discretion, but that the abuse caused actual prejudice. *Morgan v. Atty. Gen.*, ___ F.3d ___, 2005 WL 3481443, at *7 (3d Cir. Dec. 21, 2005) (citing *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 374-77 (3d Cir. 2003)).

Hasanov's due process issue appears to be little more than a reassertion, in constitutional terms, of his abuse of discretion claim over which we lack jurisdiction. As the Ninth Circuit has observed, ". . . a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Furthermore, it is not even clear that Hasanov had a protected liberty interest in his as-yet unfiled application for adjustment of status: there is no due process interest in the

---

authority by reviewing the IJ's exercise of discretion in denying his motion for a continuance, reasoned as it was upon Hasanov's delay tactics, and not upon a pending application for a labor certification.

mere promise of a particular procedure. *See Kovats v. Rutgers, The State Univ.*, 822 F.2d 1303, 1314 (3d Cir. 1987) ("For example, the Supreme Court has made clear that promises of specific procedures do not create interests protected by the Due Process clause.") (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 & n.12 (1983)). It is therefore unavailing for Hasanov to argue that the denial of a continuance to afford him an opportunity to apply for other relief deprived him of due process.

Finally, even if his due process claim were viable and had merit independent of his abuse of discretion claim, he has not shown prejudice. He claims that should he be required to depart without opportunity to apply for adjustment of status, he "will be forced to incur more expenses to re-enter the United States once his labor certification is approved." Br. of Pet., at 7. We can discern no prejudice here: as he has no application for adjustment of status pending, he has suffered no prejudice in his quest to gain lawful admittance to the country by means of a labor certification. By his own reasoning, this avenue will remain entirely open to him, albeit from outside the borders of the United States. Nor has he suffered prejudice in the current removal proceedings.

Accordingly, we will deny Hasanov's petition to the extent it claims that the denial of his motion for continuance violated due process.

**V.**

After lodging his appeal with the BIA, Hasanov moved to remand his case to the IJ to grant a continuance. Hasanov claims that the BIA did not rule on his remand motion,

which he included in his opening brief before that body.[3]  The BIA's October 24, 2004 decision, fully disposing of his appeal on the merits, was sufficient to address the motion for a remand set forth in his brief.  That motion stemmed directly from the merits of his appeal, upon which he did not prevail.  Accordingly, we find no error in this respect.

## VI.

For the foregoing reasons, we will dismiss Hasanov's petition in part and deny it in part.  We have considered all other arguments made by the parties, and conclude that further discussion is not warranted.

---

[3] The Government argues that the motion to remand is not properly before this Court. This indicates a basic misreading of his petition.  The argument conflates Hasanov's motion to remand, which is properly a part of the petition for review, with his motion for reconsideration before the BIA, which is not.