NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0573n.06
Filed: September 23, 2008

No. 07-4442

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ABDULELAH ALSHAREQI, ANISSAH ALSHAREQI, HAMIS ALSHAREQI, and MAHRAN ALSHAREQI, <br><br> Petitioners, <br><br> v. <br><br> MICHAEL B. MUKASEY, United States Attorney General, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS <br><br> OPINION |

Before: DAUGHTREY and GILMAN, Circuit Judges; and MILLS, District Judge.*

RONALD LEE GILMAN, Circuit Judge. Abdulelah Alshareqi, his wife Anissah, and two

of their children, Hamis and Mahran, are all natives and citizens of Yemen. The four of them

entered the United States on tourist visas in May of 1992, but they remained in the country beyond

the time period authorized by their visas. Removal proceedings were inexplicably not initiated

against the family until over 10 years later. They all conceded that they were subject to removal, but

requested relief in the form of cancellation of removal pursuant to §240A of the Immigration and

Nationality Act (INA), 8 U.S.C. § 1229b and, in the alternative, voluntary departure pursuant to §

---

*The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

240B of the INA, 8 U.S.C. § 1229c. Following a hearing in August 2006, the Immigration Judge

(IJ) denied their applications.

The IJ concluded that the Alshareqis had failed to demonstrate the level of hardship necessary

to warrant the discretionary relief of cancellation of removal. In a *per curiam* order, the Board of

Immigration Appeals (BIA) subsequently dismissed the Alshareqis' appeal. The Alshareqis timely

petitioned this court for review, arguing that the IJ and the BIA had improperly decided the question

of hardship. For the reasons set forth below, we **DISMISS IN PART** for lack of subject matter

jurisdiction and **DENY** the remainder of the petition on the merits.

## I. BACKGROUND

A. **Factual background**

Abdulelah and Anissah Alshareqi have been married since 1991. The couple has had seven

children together. Mahran is the only one of their children not born in the United States. He was

born in Yemen. Abdulelah also had two children from a previous marriage, Dhiyab and Hamis.

They too were born in Yemen. The Alshareqi couple and the three Yemen-born children came to

the United States in 1992. Because of their birth outside of the United States, Dhiyab, Hamis, and

Mahran are the only children included in the removal proceedings against the Alshareqis. Dhiyab

allegedly left the United States in 2003, causing the IJ to order his removal *in absentia* at the hearing

in 2006.

At that hearing, testimony was received from Abdulelah, Anissah, Anissah's brother, and the

Alshareqis' two oldest United States citizen children. The general thrust of the evidence presented

was that (1) the educational opportunities for women in Yemen are significantly less than those available in the United States, (2) the quality of medical care is inferior, and (3) the Alshareqis' daughters would not be able to participate in many of the activities that they currently enjoy, such as watching television shows of their choosing, going to the movies, and spending time with friends.

Abdulelah also offered testimony regarding an asylum application that he filed in 1993. After filing the application, however, he never completed the process. Abdulelah nevertheless mistakenly believed that he had been granted asylum. In his 2006 application for cancellation of removal, Abdulelah indicated that he had "given false testimony for the purposes of obtaining immigration benefits." Abdulelah acknowledged during cross-examination that he had told the attorney who filled out his application for cancellation of removal that he had "filed for political asylum to get an employment authorization card." But he explained that he did not intentionally lie on his asylum application and that he did not know that his attorney had stated on the cancellation-of-removal application that Abdulelah had given false testimony.

**B.      Procedural background**

Removal proceedings were initiated against Abdulelah in 2002 and against the other Alshareqis in 2003. The Alshareqis conceded that they are subject to removal, but requested relief in the form of cancellation of removal and, in the alternative, voluntary departure. They did not seek asylum. A hearing on their applications for cancellation of removal was held in August of 2006.

Following the witnesses' testimony, the IJ concluded that the Alshareqis were not eligible for cancellation of removal. The IJ addressed Abdulelah's and Anissah's applications first, because

the childrens' applications are dependent on the IJ granting relief to the parents. In a lengthy order, the IJ discussed the Alshareqis' testimony about the alleged hardship that their children would suffer if the family moved to Yemen.

On appeal, the BIA agreed with the decision of the IJ denying the applications for cancellation of removal. The BIA determined that the IJ had given proper weight "to evidence in the record regarding country conditions, educational benefits, social benefits, and the decrease in the respondents' children's lifestyle upon return to Yemen." Ultimately, the BIA concluded that those "factors, whether considered individually or cumulatively, do not rise to the level of 'exceptional and extremely unusual'" hardship. The Alshareqis timely petitioned for review of that decision.

## II. ANALYSIS

### A. Standard of review

We review de novo the existence of subject matter jurisdiction. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630 (6th Cir. 2006). Alleged due process violations are also reviewed de novo. *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007). We review the denial of a continuance under the abuse-of-discretion standard. *Abu-Khaliel*, 436 F.3d at 634.

### B. Cancellation of removal and the Alshareqis' due process claim

A nonpermanent resident alien is eligible for the discretionary relief of cancellation of removal if the alien

> (A) has been physically present in the United States for a continuous
> period of not less that 10 years immediately preceding the date of
> such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under [§§ 212(a)(2), 237(a)(2), or 237 (a)(3) of the INA, 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3)]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1). Although there was some analysis by the IJ as to whether Abdulelah would qualify for cancellation of removal "as a matter of discretion" based on his failure to pursue the asylum application that he filed in 1993, the BIA dismissed the Alshareqis' appeal solely on the basis of their failure to establish the requisite "exceptional and extremely unusual hardship" to a qualifying relative. The dispositive question, therefore, is whether Abdulelah's and Anissah's American-born children would suffer such a hardship if their parents were removed. With respect to Hamis and Mahran, they do not have any qualifying relatives unless their parents are granted the relief of cancellation of removal.

We lack the authority, however, to review the underlying merits of the Alshareqis' request for cancellation of removal. Section 242(a)(2)(B)(i) of the INA, 8 U.S.C. § 1252(a)(2)(B)(i), explicitly provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal] of this title." This explicit limitation on our appellate jurisdiction has been interpreted by this court, and by all of our sister circuits that have addressed the issue, to prohibit review of the hardship determination. *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005) (explaining that this court has jurisdiction

to review the "non-discretionary factual determination" that an alien has "failed to demonstrate a continuous physical presence," but citing *Valenzuela-Alcantar v. INS*, 309 F.3d 946, 950 (6th Cir. 2002), for the proposition that "the IJ's determination of the extreme-hardship issue is discretionary and thus, not subject to judicial review"); *see also De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir. 2006) (concluding that § 1252(a)(2)(B)(i) deprives the court of appellate jurisdiction regarding cancellation of removal on the basis that the alien fails to demonstrate "exceptional and extremely unusual hardship") (citing cases from other circuits to the same effect).

The Alshareqis attempt to circumvent this explicit jurisdictional bar by repeatedly asserting that they "do not challenge the BIA's decision itself but the method employed by the BIA in reaching its decision." According to the Alshareqis, the IJ and the BIA did not apply the proper test for determining eligibility for cancellation of removal and therefore violated the Alshareqis' due process rights. The Alshareqis contend that the BIA "failed to demonstrate that it properly weighed all of the relevant factors used in assessing hardship." Notably, however, they do not elaborate on which specific factors the BIA allegedly failed to consider.

They also raise a challenge to the IJ's determination that Abdulelah was not entitled to cancellation of removal because he had previously lied on an asylum application in order to obtain authorization to work in the United States. This argument ignores that fact that even if Abdulelah's asylum application did not call into question whether he was "of good moral character," the IJ and BIA ultimately concluded that Abdulelah and Annisah were ineligible for cancellation of removal because they failed to demonstrate that their children would suffer the necessary hardship.

Despite our lack of jurisdiction over the underlying discretionary determination of whether the Alshareqis' children would suffer hardship if their parents were removed, we retain jurisdiction to review "constitutional claims or matters of statutory construction." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). The Alshareqis' claim that their due process rights were violated, and "Fifth Amendment guarantees of due process extend to aliens in deportation proceedings, entitling them to a full and fair hearing." *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). But this court has explicitly held that "[t]he failure to be granted discretionary relief does not amount to a deprivation of a liberty interest." *Id.* at 700; *Ashki v. INS*, 233 F.3d 913, 921 (6th Cir. 2000) (concluding that an illegal alien "has no constitutionally-protected liberty interest in obtaining discretionary relief from deportation"). Putting aside the fact that the Alshareqis' due process claim is little more than an attempt to have us review the unreviewable discretionary determination of whether their United States citizen children would suffer extreme hardship, we conclude that they have no due process rights to cancellation of removal for the reasons articulated in *Huicochea-Gomez* and *Ashki*.

Because we lack jurisdiction to review the BIA's factual determination related to hardship and because we conclude that Abdulelah's and Annisah's due process rights were not violated, there is no need to address whether the IJ abused her discretion in denying Hamis's and Mahran's motion to sever and continue their individual claims. Hamis's and Mahran's eligibility for cancellation of removal depends entirely on whether their parents are awarded relief. Because Abdulelah and Annisah were denied the relief of cancellation of removal, and because no due process claim exists

with respect to that decision, there can be no abuse of discretion by the IJ in denying their children's motion to sever and continue.

## III.  CONCLUSION

For all of the reasons set forth above, we **DISMISS IN PART** for lack of subject matter jurisdiction and **DENY** the remainder of the petition on the merits.