NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0777n.06

No.  09-3670

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 20, 2010**

LEONARD GREEN, Clerk

KOMI TEKANA ADADE,

    Petitioner,

v.

ERIC H. HOLDER, JR.,

    Respondent.

ON PETITION FOR REVIEW OF A
FINAL ORDER OF THE BOARD OF
IMMIGRATION APPEALS

_____/

**BEFORE:**    **BOGGS, COLE and CLAY, Circuit Judges.**

**PER CURIAM.**   Petitioner seeks this Court's review of a final order of the Board of

Immigration Appeals ("BIA") that affirmed the denial of Petitioner's application for cancellation of

removal. *See* 8 U.S.C. § 1229b(b).

On or about June 13, 1989, Petitioner, a native and citizen of Togo, was admitted to the

United States on a nonimmigrant visa.  Petitioner later obtained a student visa permitting him to stay

until December 6, 1999, but Petitioner failed to leave the country by that date and instead remained

in the United States without authorization.  The government initiated removal proceedings against

Petitioner on August 11, 2004.

Petitioner appeared before an Immigration Judge ("IJ") on September 21, 2004, and admitted the underlying facts, thus conceding his removability, but requested cancellation of removal pursuant to 8 U.S.C. § 1229b(b), which requires a showing that the individual:

> (A) has been physically present in the United States for a continuous period of not less than 10 years . . . ;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of [certain] offense[s]; and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen [or otherwise lawfully admitted to the United States].

8 U.S.C. § 1229b(b)(1). The IJ denied Petitioner's request, finding that he had failed to show both "good moral character" and "exceptional and extremely unusual hardship." *See* 8 U.S.C. §§ 1229b(b)(1)(B), (D). The BIA affirmed on the ground that Petitioner failed to establish "exceptional and extremely unusual hardship." Petitioner thereafter filed a timely petition for review, which, as explained below, we now deny for want of jurisdiction.

The availability of judicial review of orders of removal is governed by 8 U.S.C. § 1252. Under the statute, courts lack jurisdiction to review discretionary decisions of the immigration authorities, including the granting of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i). The statute contains an exception, however, whereby courts may consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

In this case, we lack jurisdiction to review the decision below to deny Petitioner's request for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i). The law is clear that such a decision lies within the exclusive discretion of the immigration authorities. Even though Petitioner alleges a violation of his right to due process, Petitioner's constitutional claim "is merely an attempt to

2

circumvent" the jurisdiction bar of § 1252(a)(2)(B)(i). *See, e.g.*, *Lopez Gonon v. Holder*, 341 Fed. App'x 88, 92 (6th Cir. 2009) (*citing Alshareqi v. Mukasey*, 295 Fed. App'x 2, 6 (6th Cir. 2008)).

Petitioner does not allege any infirmity in the proceedings below rising to the level of a constitutional deprivation of due process. Rather, he alleges that the IJ and BIA did not properly weigh the evidence presented at his removal hearing. As a result, we lack jurisdiction to review the BIA's determination that Petitioner failed to show "exceptional and extremely unusual hardship" within the meaning of 8 U.S.C. § 1229b(b)(1)(D).

For these reasons, the petition for review of the BIA's denial of Petitioner's application for cancellation of removal is **DENIED**.