**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0359n.06

**No. 09-3277**

**FILED**
**Jun 11, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

ANDRES DOMINGUEZ-GONZALEZ, aka
Joce Pitre Colon,

     Petitioner,

v.

ERIC HOLDER, JR., Attorney General,

     Respondent.

_____/

ON PETITION FOR REVIEW OF AN
ORDER OF THE BOARD OF
IMMIGRATION APPEALS

OPINION

BEFORE:    CLAY and GILMAN, Circuit Judges; and ZATKOFF, District Judge.[*]

    **CLAY, Circuit Judge.** Petitioner, Andres Gonzalez Dominguez, seeks review of a February 26, 2009 order from the Board of Immigration Appeals ("BIA") that affirmed the immigration judge's order of removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner alleges that the immigration judge's failure to advise him of his right to apply for asylum, withholding of removal, and relief under the Convention Against Torture was reversible error based on the failure to follow regulations and a related due process claim. For the reasons set forth below, we **DENY** the petition for review of the decision of the Board of Immigration Appeals.

---

    [*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

## BACKGROUND

Petitioner entered the United States by crossing the Arizona border without inspection on or about September 10, 2003. Petitioner, who was born July 12, 1983, is a native-born citizen of Guatemala. He was arrested for driving without an operator's license, and local authorities contacted the Department of Homeland Security ("DHS") upon learning of his immigration status. Petitioner was sentenced to 43 days' incarceration for lacking an operator's license, disorderly conduct, and two counts of obstructing official business.

Petitioner was served with Notice to Appear from DHS on May 20, 2008. On June 3, 2008, Petitioner was placed in removal proceedings and charged with being present in the United States without admission or parole, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Two hearings were held before the immigration judge, the first on July 8, 2008 and the second on August 12, 2008. The immigration judge entered an order of removal at the conclusion of the second hearing.

At the first hearing before the immigration judge on July 8, 2008, via video conference from the Seneca County Jail in Tiffin, Ohio, Petitioner was informed of his right to have an attorney present. Petitioner advised the immigration judge that he feared returning to his native Guatemala. The hearing was adjourned when Petitioner indicated he would like to find counsel before proceeding. A second hearing was convened on August 12, 2008, again via video conference. Petitioner appeared *pro se* at this hearing as well, and the immigration judge did not inquire into Petitioner's efforts to find an attorney.

The second hearing was relatively short, consisting primarily of the immigration judge insuring that the facts underlying Petitioner's removability were admitted by Petitioner. The

immigration judge then inquired whether Petitioner was eligible for voluntary departure, concluding that he was not because he did not possess a passport or have funds for travel. Petitioner declined to designate a country for removal, stating that he preferred to stay in the United States. The government designated Guatemala as the country of removal.

The immigration judge then inquired into whether Petitioner had any fears of returning to Guatemala, to which Petitioner answered in the affirmative. Petitioner explained that his family had borrowed money ($9,000) from a loan shark to pay for medical expenses related to a disfiguring burn to Petitioner's right hand and arm, and that this same loan shark had brought Petitioner to the United States to work to pay the high-interest debt owed. Petitioner indicated that he fears that this loan shark will kill him or his family if he returns to Guatemala because they cannot afford to repay the debt. The immigration judge then asked whether Petitioner had any fears of the government of Guatemala harming him upon return, to which Petitioner responded in the negative. The hearing concluded with the immigration judge ordering Petitioner removed to Guatemala and advising Petitioner of his right to appeal the decision to the BIA.

Petitioner appealed to the BIA by filing a Notice of Appeal on August 28, 2008. In his appeal to the BIA, Petitioner attached a letter reiterating his story about the loan shark and his fear of returning to Guatemala. After the appeal was initiated, Petitioner obtained and was represented by counsel before the BIA, who argued the same grounds for relief asserted in this timely appeal. Petitioner has been removed to Guatemala during the pendency of this action.[1]

---

[1]The removal of an alien does not moot a pending appeal of an order of removal. *See Garcia-Flores v. Gonzales,* 477 F.3d 439, 441 n.1 (6th Cir. 2007) (holding that an alien suffers ongoing injury of re-entry bar due to order of removal); *accord Santana-Albarran v. Ashcroft*, 393

On October 27, 2008, the BIA remanded the case to the immigration judge for issuance of a formal written or oral decision. A written decision was issued by the immigration judge on November 6, 2008. Briefing continued before the BIA, with Petitioner's counsel filing an appearance on December 9, 2008. New briefs were filed by both Petitioner and Immigration and Customs Enforcement. The BIA denied Petitioner's appeal in an order dated February 26, 2009. This timely petition for review followed.

## STANDARD OF REVIEW

When the BIA issues its own opinion rather than summarily adopting the findings of the immigration judge, this Court reviews the decision of the BIA as the final agency determination. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). The substantial-evidence-on-the-record standard of review requires that the BIA's decision be upheld unless is it "manifestly contrary to the law." *Castellano-Chacon v. I.N.S.*, 341 F.3d 533, 552 (6th Cir. 2003); *see also Koulibaly v. Mukasey*, 541 F.3d 613, 619 (6th Cir. 2008). The administrative findings of fact must be upheld unless this Court finds that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also I.N.S. v. Elias-Zacharias*, 502 U.S. 478, 481 (1992); *Ramaj v. Gonzales,* 466 F.3d 520, 527 (6th Cir. 2006).

Legal conclusions of the BIA are reviewed *de novo*. *Patel v. Gonzales*, 432 F.3d 685, 692 (6th Cir. 2005). This Court reviews *de novo* claims of due process violations in removal proceedings. *Akhtar v. Gonzales*, 406 F.3d 399, 408 (6th Cir. 2005). Finally, this Court defers to

---

F.3d 699, 701 n.1 (6th Cir. 2005).

the agency's reasonable interpretations of its own regulations. *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 503 (6th Cir. 2008) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

## DISCUSSION

**A.     Standard for Regulatory and Due Process Violation**s

Petitioner alleges that the immigration judge's failure to advise him of his statutory right to seek asylum, withholding of removal, and relief under the Convention Against Torture was a clear violation of the regulations governing the deportation proceedings. *See* 8 C.F.R. § 1240.11(c).  He also alleges that, only with regard to withholding of removal and relief under the Convention Against Torture, this error amounts to a violation of due process. *See Reno v Flores*, 507 U.S. 292, 306 (1993) (the Fifth Amendment of the Constitution guarantees due process of law to aliens in removal proceedings); *Ashki v. I.N.S.*, 233 F.3d 913, 921 (6th Cir. 2000) (discretionary forms of relief are not sufficient to support a due process violation because the petitioner does not have a protected interest in such forms of relief).

Petitioner has cited no authority from this Circuit supporting his claim that a failure of the immigration judge to advise an alien of his statutory right to apply for discretionary relief is a reversible error.  Instead, Petitioner relies upon authority from the Seventh Circuit, *Asani v. I.N.S.*, 154 F.3d 719, 727-29 (7th Cir. 1998), which in turn relies upon authority from the Ninth Circuit, *Duran v. I.N.S.*, 756 F.2d 1338, 1341-42 (9th. Cir. 1985).  The Seventh Circuit has developed a doctrine in removal proceedings in which reversal is required where the immigration judge fails to follow clear regulatory mandates such that the alien "may have been able to demonstrate" a right to relief, even if the relief is discretionary. *Asani*, 154 F.3d at 729.  However, in *Asani*, the court's

ruling on the petitioner's due process claim was merely dicta because the court remanded to give the petitioner an opportunity to file an untimely motion to reopen, relying upon representations from the government that such a motion may be available under new regulations. *Id.* at 728-29. Furthermore, *Asani* involved a situation where the petitioner was apparently eligible for the discretionary relief, which as discussed below, is not true of the instant case. Therefore, the Seventh Circuit's precedent does not support an automatic reversal where the immigration judge fails to follow mandatory regulations, despite Petitioner's arguments to the contrary. Moreover, we adopt the same standard for such a regulatory violation as the one this Court uses for procedural due process claims – requiring an alien to show a similar level of prejudice in order to demonstrate reversible error.

"[R]eviewing an alleged due process violation is a two-step inquiry: first, whether there was a defect in the removal proceeding; and second, whether the alien was prejudiced because of it." *Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005). Prejudice will not be presumed, even in cases where the error alleged deprived the alien of a statutory right. *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005).

It is not settled whether the immigration judge committed a procedural error in failing to advise Petitioner of his statutory rights. Petitioner, proceeding *pro se*, answered in the affirmative when asked whether he feared returning to Guatemala. While he did not allege facts sufficient for relief, his lack of experience and his lack of counsel probably should have caused the immigration judge to follow the regulatory mandate to advise aliens of their statutory rights to apply for relief for which they were apparently eligible. Whether this error is sufficient to support a procedural due

6

process claim need not be settled at this time because Petitioner has not shown sufficient prejudice to warrant reversal.

The parties dispute whether the issue of prejudice is properly before this Court and what standard of prejudice is required in this Circuit. The government asserts that in order to show prejudice, the alien must show that but for the alleged error, he "would have been entitled to continue residing in the United States." *Sako v. Gonzales,* 434 F.3d 857, 864 (6th Cir. 2006) (citing *Denko v. I.N.S.*, 351 F.3d 717, 724 (6th Cir. 2003)); *see also Huicochea-Gomez v. I.N.S.*, 237 F.3d 696, 699-700 (6th Cir. 2001). Petitioner argues that the BIA did not address the issue of prejudice, and so that issue is not before this Court, and alternatively, that prejudice is shown simply by the fact that the alien's actions would have been different had the error not occurred.

When the BIA adopted the immigration judge's ruling that Petitioner "did not establish a *prima facie* case for asylum or withholding of removal," this ruling implicitly addressed the prejudice prong of the due process analysis. (Admin. R. 3). Therefore, prejudice is properly before this Court. *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

To establish the requisite level of prejudice, Petitioner must show that the immigration judge's failure to advise him of his statutory rights "led to a substantially different outcome from that which would have occurred in the absence of the [] violation[]." *Graham v. Mukasey*, 519 F.3d 546, 549-50 (6th Cir. 2008). He must, in other words, demonstrate "that the alleged violation affected

7

the outcome of the proceedings." *Gishta*, 404 F.3d at 979 (citation omitted). Furthermore, "we will not simply presume prejudice." *Id.*

**B.      Petitioner's Allegations of Prejudice**

This Court will reverse the decision of the BIA affirming the order of removal only if it finds that the immigration judge's failure to advise Petitioner of his statutory rights prejudiced Petitioner's ability to vindicate those rights. In this instance, Petitioner would need to show that he has alleged, either before the immigration judge or on appeal, sufficient factual allegations to support the conclusion that he is eligible for asylum, withholding of removal, or relief under the Convention Against Torture.

### i.      Legal Standards for Relief

In order to demonstrate that he is eligible for asylum, Petitioner must show that he qualifies as a refugee by providing evidence to "establish either that he has suffered actual past persecution or that he has a well-founded fear of future persecution." *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004). This persecution must be shown to be "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Even if Petitioner can demonstrate such a well-founded fear of future persecution, the Attorney General has discretion whether to grant asylum. *See* 8 U.S.C. § 1158(b)(1)(A). Petitioner bears the burden of providing evidence to support his claim for asylum. *See Lin v. Holder*, 565 F.3d 971, 976 (6th Cir. 2009) (citing *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987)).

"An application seeking withholding of deportation faces a more stringent burden of proof than one for asylum." *Mikhailevitch v. I.N.S.,* 146 F.3d 384, 391 (6th Cir. 1998) (citing

*Cardoza-Fonseca*, 480 U.S. at 431-32). The standard for withholding of removal is that the petitioner must demonstrate that there is a clear probability, or that it is more likely than not, that he would face persecution in the country of removal on account of one of the five protected grounds enumerated in the definition of a refugee. *Id.* Meeting this higher burden of proof then entitles the applicant to mandatory withholding of removal rather than the triggering of the discretionary standard of a grant of asylum. *Cardoza-Fonseca*, 480 U.S. at 429. If Petitioner does not meet his burden as to his asylum claim, it follows that he cannot establish entitlement to withholding of removal. *See Zhao v. Holder*, 569 F.3d 238, 246 n.10 (6th Cir. 2009).

In order to establish entitlement to relief under the Convention Against Torture, a petitioner bears the burden of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). This standard is a higher burden than that for a well-founded fear of future persecution. *See Ramaj v. Gonzales*, 466 F.3d 520, 532 (6th Cir. 2006). Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or a her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering *is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity*.

8 C.F.R. § 1208.18(a)(1) (emphasis added).

This standard for relief requires considering all relevant evidence, such as evidence of past torture inflicted on the petitioner, evidence that the petitioner could relocate to a part of the country where he or she would be unlikely to be tortured, evidence of mass violations of human rights within

the country at issue, and any other relevant information regarding conditions in the country of removal. 8 C.F.R. § 1208.16(c)(3). The burden for a CAT claim is both broader and narrower than an asylum claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) ("Coverage is broader because a petitioner need not show that he or she would be tortured 'on account of' a protected ground; it is narrower, however, because the petitioner must show that it is 'more likely than not' that he or she will be *tortured*, and not simply persecuted . . . .") (emphasis added).

### ii.      Petitioner has not demonstrated that he is eligible for relief

Petitioner's allegations essentially amount to a fear that he will be a victim of crime upon return to Guatemala. On the surface, his fear is clearly one of substantial harm, but Petitioner has not demonstrated nor alleged that the alleged loan shark he fears is targeting Petitioner because of his membership in a particular social group. Asylum is available only when the alien alleges persecution on account of a protected group, which in the instant case was apparently a particular social group, i.e., a well-defined group where members share essentially immutable characteristics "other than their risk of being persecuted." *Rreshpja v. Gonzales,* 420 F.3d 551, 556 (6th Cir. 2005). Criminal acts are not, on their own, sufficient to establish persecution without a nexus to a protected ground. *Lumaj v. Gonzales*, 462 F.3d 574, 577-78 (6th Cir. 2006). Therefore, Petitioner has not demonstrated, either before the immigration judge or on appeal, that he is apparently eligible for asylum. We find that Petitioner has not shown the required prejudice for his regulatory claim as to asylum, nor his constitutional claim as to withholding of removal. *See Zhao*, 569 F.3d at 246 n.10 (Petitioner who cannot establish eligibility for asylum necessarily cannot meet higher burden for withholding of removal).

10

In order to seek relief under the Convention Against Torture, an alien may be able to link fear of being a victim of crime to a viable claim for relief if the harm he would suffer would be either at the hands of a government official or with the implicit acquiescence of such officials. *See* 8 C.F.R. § 1208.18(a)(1). However, Petitioner made no allegation before the BIA or the immigration judge that the loan shark he allegedly fears is a government official, nor that the government of Guatemala is unable or unwilling to protect Petitioner from this criminal act. Instead, Petitioner now argues in his reply brief that his

> . . . position that the Guatemalan government is unable or unwilling to protect him, is hereby asserted to be implicit in his oral testimony and written submissions. If the Guatemalan government were neither unable nor unwilling to protect the Petitioner, it is reasonable to suppose that his fear of removal would, at the least, have been tempered.

(Appellant's Reply Br. at 3). Issues raised only in reply are not properly presented to the court. *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). However, even if the argument were properly presented, Petitioner asks this Court to infer that the Guatemalan government is complicit in this loan shark's activity simply from the fear alleged by Petitioner before the immigration judge. Such allegations are not sufficient to support a claim for relief. Petitioner, therefore, has not established that he is eligible for relief under the Convention Against Torture.

## CONCLUSION

In order to find reversible error for the immigration judge's failure to advise Petitioner of his statutory rights on either regulatory or constitutional grounds, Petitioner had to demonstrate that the immigration judge's error affected the outcome of his removal proceedings. Petitioner has not done

so, and therefore he has not shown that the immigration judge's error warrants reversal. Therefore,

the petition for review is **DENIED**.