**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0754n.06

No. 12-3177

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 14, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ELVIN MALDONADO-REYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:  WHITE and DONALD, Circuit Judges; VARLAN, District Judge.[*]

PER CURIAM.  Elvin Maldonado-Reyes petitions for review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying

his request for a continuance and entering an order of removal.  We deny the petition for review.

Maldonado-Reyes, a native and citizen of Honduras, entered the United States by illegally

crossing the Arizona border in 2002, "more or less."  (A.R. 57–58).  On May 31, 2007, officers with

the Department of Homeland Security (DHS) encountered Maldonado-Reyes while searching for a

fugitive and served him with a notice to appear, charging him with removability under Section

212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an

---

[*]The Honorable Thomas A. Varlan, Chief United States District Judge for the Eastern District
of Tennessee, sitting by designation.

alien who is present in the United States without being admitted or paroled or arrives in the United States at any time or place other than as designated by the Attorney General. (A.R. 75–76, 78).

Maldonado-Reyes initially appeared before an IJ on October 4, 2007. (A.R. 49–53). Maldonado-Reyes requested and received a continuance until March 19, 2008, to obtain counsel. (A.R. 52). The IJ advised Maldonado-Reyes that he would not be given an additional period of time to obtain counsel after that date and that "you need to make sure you have your lawyer by the time you come back to Court in March." (A.R. 52–53).

Maldonado-Reyes appeared without counsel at his removal hearing on March 19, 2008. (A.R. 55–56). Maldonado-Reyes explained that his boss had retained counsel, who "was supposed to be here today," and stated that his boss told him to request an extension of time. (A.R. 56). Maldonado-Reyes did not know the attorney's name "because my boss is the person who's got him for me." (A.R. 56). Without the attorney's name, the IJ declined to grant a further extension, noting that Maldonado-Reyes was served with the notice to appear in May and thus had approximately ten months to obtain counsel. (A.R. 56). Maldonado-Reyes renewed his request for an extension "so I can look for a lawyer on my own behalf." (A.R. 56–57). The IJ denied his request and proceeded with the hearing. (A.R. 56–57). After questioning Maldonado-Reyes, the IJ found by clear and convincing evidence that he was removable as charged. (A.R. 57–58). The IJ then inquired into Maldonado-Reyes's possible eligibility for relief from removal, asking if he had any particular fears about returning to Honduras. (A.R. 60). Maldonado-Reyes responded that his mother and aunt were run over by cars, that his sister was run over by a motorcycle but survived, and that his brother's shop was set on fire, the cause unknown. (A.R. 60). Based on Maldonado-Reyes's response, the

IJ concluded that he had no apparent eligiblity for relief other than voluntary departure. (A.R. 61).

Maldonado-Reyes again requested an extension, this time based on his medical condition, which the

IJ denied because his medical condition did not provide a basis for remaining in the United States.

(A.R. 61–62). Maldonado-Reyes next raised his family's problems in Honduras as grounds for an

extension; the IJ rejected his request, stating that "people getting run over . . . by cars, that happens

in the United States every day of the year." (A.R. 62). The IJ subsequently denied voluntary

departure and ordered Maldonado-Reyes's removal to Honduras. (A.R. 62–65).

In his appeal to the BIA, Maldonado-Reyes asserted that the IJ erred in: (1) denying his

request for a continuance to obtain counsel; (2) failing to provide him with an opportunity to apply

for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) after

he expressed a fear of returning to Honduras, in violation of 8 C.F.R. § 1240.11(c)(1); (3) denying

him voluntary departure; and (4) failing to issue a separate oral or written decision. (A.R. 20–30).

The BIA remanded the case to the IJ for a decision addressing all legal issues and providing a

rationale. (A.R. 11). The IJ issued a written decision and certified the case to the BIA for

adjudication of the previously-filed appeal. (A.R. 5–7). The BIA dismissed Maldonado-Reyes's

appeal, concluding that he failed to demonstrate that he was denied a full and fair hearing before the

IJ. (A.R. 3–4). The BIA held that, because Maldonado-Reyes was informed of his right to obtain

counsel and was given an opportunity to do so, the IJ did not violate his due process rights in

denying his request for a continuance; that Maldonado-Reyes failed to demonstrate prima facie

eligibility for any form of relief from removal; and that he failed to establish eligibility for voluntary

departure. (A.R. 3–4).

This timely petition for review followed. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

Maldonado-Reyes challenges the denial of his request for a continuance. "We review the BIA's affirmance of the IJ's denial of petitioner's motion for continuance under an abuse-of-discretion standard." *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). "An abuse of discretion occurs if 'the denial . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.'" *Id.* (omission in original) (quoting *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006)).

The IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. "Finding 'good cause' is crucial since a continuance, in effect, allows an alien to remain in the United States for a period of time without any defined legal immigration status." *Ukpabi v. Mukasey*, 525 F.3d 403, 407–08 (6th Cir. 2008). Here, the IJ provided Maldonado-Reyes with a five-month continuance to obtain counsel. When Maldonado-Reyes appeared without counsel and requested a further extension of time, he claimed that his boss had retained counsel for him, but counsel had not entered an appearance and Maldonado-Reyes did not know the attorney's name and could not explain why the attorney was not present for the removal hearing. Under the circumstances, the BIA did not abuse its discretion in affirming the IJ's denial of Maldonado-Reyes's request for a further continuance. *See Ramirez-Chacon v. Holder*, 397 F. App'x 179, 184–85 (6th Cir. 2010) (holding that the IJ did not abuse his discretion in denying request for further continuance

-4-

where the IJ granted previous request); *Al-Najar v. Mukasey*, 515 F.3d 708, 717 (6th Cir. 2008) (holding that, where the IJ had previously granted continuance requests, "this reason alone is a sufficient basis to affirm the IJ").

Maldonado-Reyes additionally argues that the IJ failed to take his medical condition into account in denying his request for a continuance. To the contrary, the IJ expressly considered Maldonado-Reyes's request for an extension based on his medical condition and denied that request because the medical condition did not provide a basis for remaining in the United States. (A.R. 61–62). Maldonado-Reyes further contends that the denial of a continuance amounted to a deprivation of his right to counsel, violating his due process rights. The denial of a continuance is discretionary and therefore cannot form the basis for a due process claim. *Abu-Khaliel*, 436 F.3d at 635. Regardless, Maldonado-Reyes cannot demonstrate prejudice, as discussed below. *See Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005) (holding that an alien raising a due process challenge to removal proceedings must show error and substantial prejudice).

Maldonado-Reyes also asserts that the IJ violated 8 C.F.R. § 1240.11(c)(1) by failing to advise him of his right to apply for asylum or withholding of removal and provide him with the appropriate application form. We review questions of law de novo, "but substantial deference is given to the BIA's interpretations of the INA and accompanying regulations." *Khalili*, 557 F.3d at 435. Under 8 C.F.R. § 1240.11(c)(1), if an "alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed . . . , the immigration judge shall: (i) [a]dvise the alien that he or she may apply for asylum in the United States or withholding of removal to those countries; [and] (ii) [m]ake available the appropriate application forms." 8 C.F.R.

§ 1240.11(c)(1)(I)–(ii). We have required a petitioner claiming a violation of 8 C.F.R. § 1240.11(c)(1) to demonstrate prejudice—"that the immigration judge's failure to advise him of his statutory rights led to a substantially different outcome from that which would have occurred in the absence of the violation." *Dominguez-Gonzalez v. Holder*, 381 F. App'x 511, 515 (6th Cir. 2010) (internal quotation marks and brackets omitted).

In this case, to establish prejudice Maldonado-Reyes "would need to show that he has alleged . . . sufficient factual allegations to support the conclusion that he is eligible for asylum, withholding of removal, or relief under the Convention Against Torture." *Id.* He has not done so. Maldonado-Reyes asserted that his mother, aunt, and sister were run over by vehicles and that his brother's shop was set on fire; however, he does not assert that these events are somehow linked to persecution based on a protected ground. (A.R. 60). Maldonado-Reyes's allegations fail to demonstrate prejudice from the IJ's alleged error. *See Dominguez-Gonzalez*, 381 F. App'x at 515–17.

For the foregoing reasons, we deny Maldonado-Reyes's petition for review.